**UNITED STATES**

v.

**Private First Class, Carlos P. ACEVEDO–COLON, 584–66–1781, US Army, Battery A, 2d Battalion, 320th Field Artillery, 101st Airborne Division (Air Assault), Fort Campbell, Kentucky 42223.**

**CM 433751.**

U. S. Army Court of Military Review.

Sentence Adjudged 9 July 1975.

Decided 7 Sept. 1976.

---

7. Article 66, UCMJ.

8. *United States v. Harris, supra. See also United States v. Reeder*, 45 C.M.R. 704, *affirmed*, 22 U.S.C.M.A. 11, 46 C.M.R. 11 (1972).

Appellate Counsel for the Accused: CPT Robert D. Jones, JAGC; CPT Sammy S. Knight, JAGC; MAJ Joe D. Miller, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Larry R. McDowell, JAGC; CPT Richard S. Kleager, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

COSTELLO, Judge:

Appellant was convicted, contrary to his pleas, of possession and distribution of different quantities of phencyclidine (PCP) in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892. His approved sentence is set out above.

### I

The principal contention before us is that the trial court lacked jurisdiction because appellant, an insular Puerto Rican, was unable to speak English at the time of his enlistment. Authority for that contention is taken from paragraph 4–57b, Section XII of Chapter 4, Army Regulation 601–210 (Change 12, 10 March 1972) which provides that the Commander of U.S. Army Forces, Southern Command, may enlist "qualified English speaking Insular Puerto Ricans" for the Regular Army. From this proceeds the argument that the Army was precluded from enlisting one unable to speak English with the result that the contract of enlistment was void. The Government responded only on the factual issue of appellant's language abilities, an issue we need not decide.

Our construction of the relevant law and regulations leads to a different conclusion about eligibility for enlistment. Section XII of the regulation appellant relied on is a grant of authority to certain overseas commanders to conduct enlistment activities, a function usually reserved to the U.S. Army Recruiting Command. Paragraph 1–7, AR 601–270, dated 18 March 1969. Consistent with other such special grants, these are narrowly stated; in this

case to reflect the absence from an active field command of those resources necessary for specialized personnel processing with which the Recruiting Command is equipped. Thus it is clear that the cited section is not a statement of eligibility to enlist, but is only a grant of limited authority.* This conclusion is supported by the presence in the same regulation of a statement of "Basic Eligibility Requirements." Chapter 2, AR 601–210, *supra.* That chapter contains no English (or other) language ability as a condition of eligibility to enlist. Similarly, language inabilities constitute no statutory impediment to enlistment. 10 U.S.C. §§ 501–519 and 3251–3263. In fact, citizens of Puerto Rico have been held to be ". . . sufficiently near of kin to citizens of the United States to enlist in the national service." *In re Kopel,* 148 F. 505, 508 (D.C.N.Y.1906) *citing* Act of March 2, 1903, c. 975, 32 Stat. 934.

That general eligibility of insular Puerto Ricans is further established by the provision for the establishment of Armed Forces Entrance and Examining Stations (AFEES) in Puerto Rico. AR 601–270, *supra.* Appellant's permanent personnel file reflects that he was enlisted at the AFEES Station, San Juan, Puerto Rico. As part of the enlistment process, he executed one statement of his personal medical history which was a Spanish-language version of the standard form. He also executed personally a series of English-language forms. No irregularity is visible in the process by which appellant entered the Army.

Thus, there is no legal or factual basis for appellant's assertion of lack of jurisdiction. We hold that the inability to speak English is no bar to a valid enlistment and that appellant was otherwise properly enlisted.

## II

Appellant has raised a second attack on the jurisdiction of the trial court, this too for the first time at this level. His attack avers that the convening authority failed to grant fully the terms of appellant's request for enlisted membership on the trial court. That request was as follows:

"Pursuant to paragraphs 4(c) and 36(c)(2) of the Manual for Courts-Martial, 1969 and Article 25(c)(1), Uniform Code of Military Justice, the accused in the above styled case hereby submits this his formal request for enlisted personnel on his General Courts-Martial Board.

The accused further requests that said enlisted members be of his grade or rank."

■ We begin with the proposition that an enlisted accused's right to demand enlisted membership is a thoroughly protected one and one of "jurisdictional" dimensions in our practice. *United States v. White,* 21 U.S.C.M.A. 583, 45 C.M.R. 357 (1972). A convening authority who rejected such a demand for unnecessarily formal reasons would do so at his peril, because the choice belongs to the accused. *United States v. Stipe,* 23 U.S.C.M.A. 11, 48 C.M.R. 267 (1974).

■ Appellant here expressed his choice in a document which was two requests, one basic and one "further" request. The basic request was a mandate to the convening authority; the further request for members of *his own* rank or grade invited error to the extent that granting it would have involved violation of the rule announced in Article 25, UCMJ, that court members should be *senior* in rank or grade to the accused. *See United States v. Timmons,* 49 C.M.R. 94 (N.C.M.R.1974). Consequently, the convening authority acted properly in composing the court in accordance with Article 25. We note that he did honor the further request substantially by having present as members only enlisted men just the next grade senior to appellant. Appellant's satisfaction with this substantial compliance is indicated by the absence of any objection prior to assembly of the court, an objection he could have made as a matter of

---

* We note that appellant has neither averred nor shown that he was enlisted by one of those commanders. In fact Puerto Rico then was not within the jurisdiction of Southern Command. Rather, it was part of Atlantic Command (LANTCOM).

absolute right. *Stipe, supra.* Therefore, we hold that the trial court was properly constituted and had jurisdiction to try appellant.

### III

■ Finally, we note that the record of trial was not mailed to the accused at the Disciplinary Barracks until after the convening authority acted. However, his counsel had been provided a copy well before that action and while the accused was absent from the location of his counsel. Therefore, the spirit of Article 54(c), UCMJ, was satisfied. *United States v. Cruz-Rijos,* 1 M.J. 429 (June 25, 1976).

Accordingly, the findings of guilty and the sentence are affirmed.

Senior Judge CLAUSE and Judge DONAHUE concur.