UNITED STATES, Appellee,

v.

Private First Class George A. HUTTO, 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, United States Army, Appellant.

ACMR 8900483.

U.S. Army Court of Military Review.

18 Dec. 1989.

For Appellant: Major Marion E. Winter, JAGC, Captain Timothy P. Riley, JAGC (on brief).

For Appellee: Colonel A.F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain James K. Reed, JAGC (on brief).

Before DeFORD, KANE, and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

KANE, Judge:

Consistent with his pleas, appellant was convicted by a military judge sitting as a general court-martial of an indecent act with a female under the age of sixteen and communicating indecent language to a child under the age of sixteen in violation of Article 134, Uniform Code of Military Justice 10 U.S.C. § 934 (1982) [hereinafter UCMJ]. He was sentenced by a general court-martial consisting of officer and enlisted members to a bad-conduct discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to the grade of Private E1. Pursuant to pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for fourteen months, forfeiture of all pay and allowances, and reduction to the grade of Private E1.

Appellant raises the following assertions of error on appeal: (1) that the court-martial lacked jurisdiction because the record of trial contains no written or oral order demonstrating that the military judge who ultimately presided over appellant's court-martial was properly detailed; (2) that the military judge improperly instructed the members regarding voting procedures; and (3) that the military judge erred by failing to hold the charged offenses multiplicious for findings. We find no merit to these assertions of error.

I

The appellant was arraigned and entered pleas on 18 January 1989 at an Article 39(a), UCMJ, pretrial session. The military judge who presided over this session was Lieutenant Colonel T. During this hearing the parties agreed upon a trial date of 6 February and the court recessed. On 6 February, the court reconvened and the trial counsel announced that Lieutenant Colonel T had been replaced by Colonel J.[1] Colonel J stated on the record, "I am properly detailed to this court." The Manual requires the military judge to either attach a copy of the written order detailing him or to orally announce on the record the identity of the person who detailed him. Manual for Courts–Martial, United States, 1984,

---

1. The reasons for substitution were not stated of record, but the appellant made no objection.

Rule for Courts–Martial 503(b)(2) [hereinafter R.C.M.].

■ Arguing that it is "well settled that failure to properly detail a military judge ... renders the court without jurisdiction," appellant would now have this court hold that the court-martial lacked jurisdiction because the record of trial does not establish that Colonel J was properly detailed. The appellant correctly cites a plethora of authority which support his position, including *United States v. Newcomb*, 5 M.J. 4 (C.M.A.1978). Proper appointment of the military judge is a jurisdictional prerequisite to the proper composition of a courts-martial and it was once essential that the proper detailing of the military judge appear affirmatively of record. *See United States v. Ware*, 5 M.J. 24 (C.M.A.1978).

The precedents cited to this court are premised, however, upon a former codal requirement that the "authority convening a general court-martial shall ... detail a military judge thereto." *United States v. Newcomb*, 5 M.J. at 6 (citing Article 26(a), UCMJ, 10 U.S.C. § 826(a)(1982)). The appellant has failed to note that this requirement was amended by the Military Justice Act of 1983, Pub.L. No. 98–209, § 3(c)(1), 97 Stat. 1393, 1394 (1983). The Code no longer requires the convening authority to personally detail the military judge. *See United States v. Newcomb*, 5 M.J. at 7. The Code now grants "the Secretary concerned" the power to designate the persons authorized to detail military judges. Article 62(a), UCMJ, 10 U.S.C. § 862(a)(Supp.1989) (as amended).

■ As of 1 August 1984, this authority has been delegated exclusively to the Army judiciary. *United States v. Dixon*, 18 M.J. 310, 312 (C.M.A.1984) (citing R.C.M. 503(b)(1)). Both by Executive Order issued pursuant to Article 36, UCMJ, 10 U.S.C. § 836, and by Regulation issued by the Secretary of the Army pursuant to Article 26(a), UCMJ, this authority may be exercised by individual military judges themselves. R.C.M. 503(b)(1); Army Regulation 27–10, Legal Services: Military Justice, paragraph 8–6a. Consequently, the detailing of military judges is no longer an event

of critical significance. While unequivocal compliance with the requirements of R.C.M. 503(b)(2) is the better practice, we "discern no basis for conferring jurisdictional significance on such nonmomentous events." *United States v. Hawkins*, 24 M.J. 257, 259 (C.M.A.1987). We hold that the failure to announce the identity of the detailing authority alone does not constitute jurisdictional error.

■ Turning to the case at bar, the appellant's contentions fall far short of alleging that Colonel J was not properly detailed, that Colonel J had not been designated a military judge by The Judge Advocate General, or that Colonel J was either unqualified or disqualified under Article 26 from acting as military judge in the case. *See* Article 26(b), (c) and (d). The appellant raised no objection at trial. Absent affirmative evidence of irregularity, we employ a presumption of regularity. *Cf. United States v. Ware*, 5 M.J. 24, 25 (C.M.A.1978) (declining to apply the presumption of regularity on the facts of the case). On the basis of the military judge's representation at trial and in the absence of evidence to the contrary, we find that the military judge was properly detailed.

## II

■ At trial, the appellant raised neither motion nor objection alleging multiplicity for purposes of findings of the alleged offenses of indecent acts with a child (Specification 1 of Charge I) and indecent language (Specification 2 of Charge I). In fact, both the trial counsel and the trial defense counsel specifically argued that the offenses should be considered multiplicious for *sentencing* purposes. We find no error on the face of these specifications. *United States v. Holt*, 16 M.J. 393 (C.M.A. 1983). Accordingly, any issue of multiplicity was waived. *Id.*

## III

■ Finally, the appellant contends that the military judge's procedural instructions to the members were deficient in that he failed to instruct the president of the court to verify the junior member's count of the ballots. The military judge incorrectly ad-

vised the court that the junior member was to collect and count the *ballots;* he concluded his instruction by advising, "Colonel Noles [the president], *you will then open the ballots."* We agree that the military judge's instruction did not strictly conform with the requirements of law. *See* Article 51(a), UCMJ, 10 U.S.C. § 851(a) (the junior member shall count the votes; the count shall be checked by the president of the court). This instructional error is, however, quite distinct from that considered in *United States v. Johnson,* 40 C.M.R. 148 (C.M.A.1969).

In *Johnson,* the military judge erroneously failed to instruct the members to vote beginning with the lightest sentence proposal. *United States v. Johnson,* 40 C.M.R. at 149. This failure was clearly prejudicial because military due process requires that the accused receive the most *lenient* sentence acceptable to the requisite majority of members. *Id.* The codal requirement that the junior member count the votes and that the president verify the junior member's count is likewise a matter of due process to the extent that it ensures the accuracy and the integrity of the count.

We find that the military judge's instructions, though technically nonconforming and erroneous, adequately safeguarded this interest. *See United States v. Kendrick,* 29 M.J. 792 (A.C.M.R.1989). Accordingly, the military judge's error in instruction neither deprived the appellant of due process nor detracted from the integrity of the sentencing process. Consequently, although the instruction was technically in error, the error was not prejudicial. *See* Article 59(a), UCMJ, 10 U.S.C. § 859(a).

We have considered the matter personally raised by appellant and find it to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge DeFORD and Judge WERNER concur.