**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 28 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHRISTIAN N. DAVIS,

　　　　　Petitioner - Appellant,

v.

MICHAEL A. LANSING, Commandant,
USDB; (NFN) (NMI) COMMANDANT,
USDB,

　　　　　Respondents - Appellees.

No. 02-3203
(D.C. No. 99-CV-3385-RDR)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

　　　　After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Petitioner Christian Davis, a federal inmate appearing pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas petition. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Davis was convicted by general court martial of fraudulent enlistment, making a false official statement, adultery, attempted premeditated murder, conspiracy to commit premeditated murder, premeditated murder, and aggravated arson, and was sentenced to confinement for life, forfeiture of all pay and allowances, reduction in rank, and a dishonorable discharge. The Army Court of Criminal Appeals affirmed his convictions and sentence, and the Court of Appeals for the Armed Forces affirmed the decision of the Army Court. Davis' request for habeas relief before the Army Court was denied, and on review the Court of Appeals for the Armed Forces also denied relief.

In his amended § 2241 habeas petition, Davis contended (1) the court martial lacked jurisdiction because the record of trial did not reflect compliance with Article 25, U.C.M.J., 10 U.S.C. § 825; (2) he was denied effective assistance of trial counsel by counsel failing to raise the jurisdiction claim; (3) the court martial lacked jurisdiction because his term of enlistment expired prior to the court martial; (4) he was denied effective assistance of trial counsel because there was no laboratory testing for gun residue; (5) the victim's diary in the possession of the prosecution contained exculpatory evidence and was withheld from the defense; and (6) he was denied his statutory right to have appellate defense counsel represent him before the United States Supreme Court.

The district court determined that Davis was not entitled to relief.

Our review of habeas claims in connection with military trials is extremely limited. If the claims asserted in the petition were given "full and fair consideration" by the military tribunals, the petition should be denied. See Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 811 (10th Cir. 1993). An issue is said to have been given "full and fair consideration" if it has been briefed and argued, even if the military tribunal summarily disposes of the matter. See Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986). Recognizing this standard of review, the district court dismissed the petition. See Davis v. Lansing, 202 F. Supp. 2d 1245 (D. Kan. 2002).

On appeal, Davis raises a Brady claim and argues he was denied due process. The district court determined the Brady claim was given the appropriate level of consideration by the military tribunals and declined to address the merits of the claim. We also decline to address the due process claim because there is no evidence the matter was presented to either the district court or to any military tribunal. See Watson, 782 F.2d at 145 (noting federal courts will not review a petitioner's claim on the merits if it was not raised before the military courts).

We AFFIRM the district court's dismissal of Davis' habeas petition. Davis' motion to amend his appellate brief is DENIED. The mandate shall issue forthwith.

<div style="margin-left:50%">

Entered for the Court

Mary Beck Briscoe
Circuit Judge

</div>