**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BRETT WRIGHT,

      Petitioner-Appellant,

v.

COMMANDANT, USDB,

      Respondent-Appellee.

No. 03-3214
(D.C. No. 02-CV-3126-RDR)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and
**HENRY** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* FED. R. APP. P. 34(a)(2); 10 TH CIR. R. 4.1(G). The case is

therefore ordered submitted without oral argument.

Petitioner Brett Wright appeals the district court's decision denying him

habeas corpus relief, *see* 28 U.S.C. § 2241, from his convictions and sentence

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imposed in an Army general court-martial. We affirm.

Federal civil courts have only limited authority to review court-martial proceedings. *See Burns v. Wilson*, 346 U.S. 137, 139-42, 144 (1953) (plurality). If the military courts have fully and fairly reviewed Pvt. Wright's claims, we cannot review them. *See Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir.), *cert. denied*, 124 S. Ct. 447 (2003). In determining whether we can review a claim, we consider four factors:

> 1. The asserted error must be of substantial constitutional dimension. . . . 2. The issue must be one of law rather than of disputed fact already determined by the military tribunals. . . . 3. Military considerations may warrant different treatment of constitutional claims. . . . 4. The military courts must give adequate consideration to the issues involved and apply proper legal standards.

*Id.* at 996 (quotation omitted). These factors "merely aid[] our determination of whether the federal court may reach the merits of the case," and do not "constitute a separate hurdle" to federal-court review. *Id.* at 997.

After considering these four factors and independently reviewing the record, *see id.*, we conclude the military courts fully and fairly considered Pvt. Wright's claims four through seven,[1] in which he alleges the court-martial

---

[1] Pvt. Wright asserted an eighth claim in his § 2241 petition, challenging the Army Court of Appeals' decision to reassess his sentence, rather than remand for a new sentencing proceeding. Pvt. Wright, however, does not reassert that claim before this court. We therefore deem it abandoned.

proceedings denied him due process, the trial record was incomplete, [2] the convening authority exercised improper command control, and the judge abused his discretion in denying Pvt. Wright's challenge to a court-martial member for cause. We thus may not review these claims. *See id.*

This court can, however, consider habeas claims challenging the court-martial's jurisdiction. *See, e.g., McClaughry v. Deming*, 186 U.S. 49, 68-69 (1902); *Monk v. Zelez*, 901 F.2d 885, 888 (10th Cir. 1990) (per curiam). Pvt. Wright characterizes his first three claims as jurisdictional arguments. We nevertheless conclude these claims do not warrant habeas relief.

"A court-martial organized under the laws of the United States is a court of special and limited jurisdiction." *Runkle v. United States*, 122 U.S. 543, 555 (1887). "[W]holly unlike the case of a permanent court created by constitution or by statute," however, a court-martial "is a special body convened for a specific purpose, and when that purpose is accomplished its duties are concluded and the court is dissolved." *Deming*, 186 U.S. at 64. Further, it is a "creature of statute, and, as a body or tribunal, it must be convened and constituted in entire conformity with the provisions of the statute, or else it is without jurisdiction."

---

[2]    In his brief, Pvt. Wright now asserts this claim implicates the court-martial's jurisdiction, as well as due process. To the extent this claim does implicate the court-martial's jurisdiction, it does so based only on the same allegations we later address as part of Pvt. Wright's first claim.

-3-

*Id.* at 62.

In challenging his court-martial's jurisdiction, Pvt. Wright first contends the particular court-martial that tried and convicted him lacked jurisdiction because it was formed under court-martial convening order (CMCO) nine but his case was originally referred under CMCO seven. Even if this were error, it would not be jurisdictional error. *See, e.g., United States v. King*, 28 M.J. 397, 398-99 (C.M.A. 1989); *United States v. Emerson*, 1 C.M.A 43, 44-45 (1951); *United States v. Fields*, 17 M.J. 1070, 1071 (A.F.C.M.R. 1984). Because the military courts already fully and fairly considered this claim, we are unable to review it further. *See Roberts*, 321 F.3d at 997.

Pvt. Wright next asserts that the convening authority, Col. Hardesty, did not personally appoint one of the court-martial members, Lt. Col. Harmon, as required by 10 U.S.C. § 825(d)(2). This claim does implicate the court-martial's jurisdiction, *see, e.g., United States v. Ryan*, 5 M.J. 97, 101 (C.M.A. 1978), but nevertheless fails. Col. Hardesty submitted an affidavit to the Army Court of Appeals asserting that he did personally choose Lt. Col. Harmon, although he referred to Lt. Col. Harmon by his command title rather than by his name. Based on that uncontested affidavit, the court found that Col. Hardesty had personally and properly appointed Lt. Col. Harmon to Pvt. Wright's court-martial. We are not free to reweigh the evidence underlying that factual finding, *see, e.g., Dodson*

*v. Zelez*, 917 F.2d 1250, 1254 (10th Cir. 1990), which was sufficient to establish

the court-martial's jurisdiction over Pvt. Wright's case, *see United States v.*

*Allgood*, 41 M.J. 492, 496 (C.A.A.F. 1995) (finding jurisdiction where record

showed convening authority did personally select court-martial members).

Pvt. Wright also argues that the military judge who presided over his trial,

Col. Merck, was not properly detailed to that particular court-martial.

*See generally* 10 U.S.C. § 826(c). It is not clear this claim implicates the

court-martial's jurisdiction. *Compare United States v. Robinson*, 43 M.J. 501,

504 (A.F. Ct. Crim. App. 1995) (concluding propriety of military judge's detail is

not jurisdictional) *with United States v. Hutto*, 29 M.J. 917, 919 (A.C.M.R. 1989)

("Proper appointment of the military judge is a jurisdictional prerequisite to the

proper composition of a courts-martial [sic]."). Even so, Col. Merck began Pvt.

Wright's trial by declaring that he had been properly detailed, an assertion that

has been held sufficient absent contrary evidence. *See Hutto*, 29 M.J. at 918-19.

Pvt. Wright failed to present any evidence calling Col. Merck's assertion into

question. *Cf. United States v. Price*, 7 M.J. 644, 645 (A.C.M.R. 1979) (rejecting

similar claim under prior law); *United States v. Shearer*, 6 M.J. 737, 739

(A.C.M.R. 1978) (same, in dicta). Pvt. Wright also failed to object to Col. Merck

conducting the trial, a deficiency which waived his right to challenge the judge's

detailing. *See Robinson*, 43 M.J. at 504 (failure to object forfeited challenge to

judge's detailing absent plain error).

Finally, Pvt. Wright asserts that his court-martial included enlisted members even though he never requested such a panel, in contravention of 10 U.S.C. § 825(c)(1) (providing for court-martial that includes enlisted members only if accused so requests).  We assume this claim implicates the court-martial's jurisdiction.  *See* *United States v. Hood*, 37 M.J. 784, 785-86 (A.C.M.R. 1993); *United States v. Acevedo-Colon*, 2 M.J. 969, 971 (A.C.M.R. 1976).  *But see Davis v. Lansing*, 202 F. Supp. 2d 1245, 1252-53 (D. Kan. 2002) (suggesting the contrary), *aff'd*, 65 Fed. Appx. 197 (10th Cir. Mar. 28, 2003).  Nonetheless, the record specifically indicates that, immediately before trial, Pvt. Wright did request that his court-martial include enlisted members.  *See* Respondent's Dist. Ct. Answer, attach. 3 at 166.  Pvt. Wright conceded that he had made that same request in an earlier pretrial session.  *See id.*, attach. 7 at 2 n.2 (Pvt. Wright's pro se direct-appeal brief).

We are thus satisfied that Pvt. Wright's court-martial had jurisdiction. The judgment of the district court is therefore AFFIRMED.  Pvt. Wright's motion for discovery filed with this court is DENIED.

The mandate shall issue forthwith.

Entered for the Court


Stephanie K. Seymour
Circuit Judge