**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES SHERRILL,

     Petitioner-Appellant,

v.

COMMANDANT, USDB; COLLEEN L.
McGUIRE, Colonel,

     Respondents-Appellees.

No. 04-3225

(D.C. No. 02-CV-3368-RDR)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **BRISCOE**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered

submitted without oral argument.

Petitioner James Sherrill appeals the district court's dismissal of his 28 U.S.C.

§ 2241 petition. We affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Sherrill was convicted at a general court martial of absence without leave, indecent acts upon a minor, two specifications of indecent liberties upon a minor, desertion, and disorderly conduct. He was sentenced to twelve years' confinement and a dishonorable discharge. On appeal, the Army Court of Criminal Appeals dismissed a finding of attempted indecent liberties on a minor but affirmed the remaining findings and sentence. Sherrill also filed a motion for reconsideration and a petition for writ of coram nobis with the Court of Appeals for the Armed Forces, which were denied. In his § 2241 petition, Sherrill contended (1) the court martial lacked jurisdiction because the presiding military judge was not properly "detailed" to the court martial; (2) the proceedings were barred by speedy trial principles; (3) the Army Court of Criminal Appeals violated his right to due process when it reassessed his sentence instead of ordering a rehearing; and (4) the trial record is incomplete and not a verbatim record of the proceedings. Sherrill also contends the district court erred in not granting an evidentiary hearing on his petition.

Federal civil courts have limited authority to review court martial proceedings. See Burns v. Wilson, 346 U.S. 137, 139-42, 144 (1953) (plurality). If the military courts have fully and fairly reviewed Sherrill's claims, we cannot review them. See Roberts v. Callahan, 321 F.3d 994, 995 (10th Cir.), cert. denied, 124 S. Ct. 447 (2003). An issue is said to have been given "full and fair consideration" if it was briefed and argued, even if the military tribunal summarily disposed of the matter. See Watson v. McCotter, 782 F.2d 143, 145 (10th Cir. 1986). If an issue was raised before the military courts, we

2

consider four factors to determine whether it was given full and fair consideration: (1) the asserted error must be of substantial constitutional dimension; (2) the issue must be one of law rather than of disputed fact already determined by the military tribunals; (3) military considerations may warrant different treatment of constitutional claims; and (4) military courts must give adequate consideration to issues involved and apply proper legal standards. See Lips v. Commandant, 997 F.2d 808, 811 (10th Cir. 1993). These factors "merely aid[] our determination of whether the federal court may reach the merits of the case," and do not "constitute a separate hurdle" to federal court review. Roberts, 321 F.3d at 997.

All of the claims raised in Sherrill's habeas petition were raised, briefed, and argued before the Army Court of Criminal Appeals or the Court of Appeals for the Armed Forces. After reviewing the record, we conclude the military courts fully and fairly considered Sherrill's claims that he was denied due process in reassessing his sentence and that the trial record is incomplete. As the military courts have fully and fairly reviewed these claims, we cannot review them. See Roberts, 321 F.3d at 995.

Sherrill characterizes his first two claims as jurisdictional arguments. Federal courts can consider habeas claims challenging court martial jurisdiction. See, e.g., Monk v. Zelez, 901 F.2d 885, 888 (10th Cir. 1990) (per curiam). Sherrill argues the presiding military judge was not properly detailed to that particular court martial. See generally 10 U.S.C. § 826(c). It is not clear this is a jurisdictional issue. Compare United States v.

3

Robinson, 43 M.J. 501, 504 (A.F. Ct. Crim. App. 1995) (concluding propriety of military judge detail not jurisdictional); with United States v. Hutto, 29 M.J. 917, 919 (A.C.M.R. 1989) ("Proper appointment of the military judge is a jurisdictional prerequisite to the proper composition of a courts-martial."). He also claims the proceeding violated his right to a speedy trial. Both claims stem from his allegation that the court martial that tried and convicted him was formed under court martial convening order (CMCO) nine, but his case originally was referred under CMCO six. See 10 U.S.C. § 810 (Rule for Courts-Martial 707, Article 10, UCMJ). Even if the re-referral was in error, it would not be a jurisdictional error. See, e.g., United States v. King, 28 M.J. 397, 398-99 (C.M.A. 1989).

Sherrill also claims the district court erred in denying his motion for discovery. The record reveals a thorough and reasoned disposition by the district court. The district court did not abuse its discretion in concluding Sherrill's vague claim that discovery would have a direct impact on his petition was not sufficient to entitle him to an evidentiary hearing. See Cummings v. General Motors Corp., 365 F.3d 944, 953 (10th Cir. 2004) (stating we find abuse of discretion "only when the judge renders an arbitrary, capricious, whimsical, or manifestly unreasonable judgment").

AFFIRMED.  Sherrill's motion to recall the mandate of the district court is

DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge