**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JAMES SHERRILL,

Petitioner-Appellant,

v.

COMMANDANT, USDB; COLLEEN
L. MCGUIRE,

Respondents-Appellees.

No. 06-3208

District of Kansas

(D.C. No. 02-CV-3368-RDR)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

James Sherrill, a prisoner in military custody, appeals from the district

court's denial of his Rule 60(b) motion to reopen his habeas corpus action.

Finding no merit to his argument that *Brown v. Sanders*, 126 S. Ct. 884 (2006),

calls his sentence into question, we affirm.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent except under the doctrines of law of the case, res judicata and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan. 1,
2007).

## BACKGROUND

A general court martial convicted Mr. Sherrill of absence without leave, indecent acts upon a minor, two specifications of indecent liberties upon a minor, desertion, and disorderly conduct. For these crimes, Mr. Sherrill received a sentence of dishonorable discharge and twelve years incarceration. On appeal, the Army Court of Criminal Appeals ("ACCA") dismissed a finding of indecent liberties on a minor but affirmed the remaining findings and sentence.

Mr. Sherrill filed a petition for habeas corpus in 2002. The district court denied the petition and this Court affirmed. *Sherrill v. Commandant, USDB*, 118 F.App'x. 384 (10th Cir. 2004). Following the Supreme Court's denial of Mr. Sherrill's petition for certiorari, 544 U.S. 936 (2005), Mr. Sherrill filed a motion under Fed. R. Civ. P. 60(b) in the district court, seeking to reopen his habeas action and claiming that under *Brown v. Sanders*, 126 S. Ct. 884 (2006), his sentence was unconstitutional because it was based on an invalidated sentencing factor. The court denied the motion, noting that *Brown* provides "little support" for Mr. Sherrill's argument and also that the same issue was considered and denied in the original habeas proceeding.[2] R. Vol. I, Doc. 45, at 2–3.

Mr. Sherrill timely appealed.

---

[2]The district court also found moot Mr. Sherrill's request for a stay and abeyance pending his transfer between correctional facilities. Mr. Sherrill does not argue that this ruling was in error.

## DISCUSSION

"A district court has discretion to grant relief as justice requires under Rule 60(b), yet such relief is extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (internal quotations marks omitted). We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Id.*

In *Brown*, the Supreme Court announced a new rule for evaluating the effect of the invalidation of sentencing factors in capital cases. The Court held that

> [a]n invalidated sentencing factor (whether an eligibility factor or not) will render the sentence unconstitutional by reason of its adding an improper element to the aggravation scale in the weighing process *unless* one of the other sentencing factors enables the sentencer to give aggravating weight to the same facts and circumstances.

*Brown*, 126 S. Ct. at 892. Mr. Sherrill, reasoning from *Brown*, argues that because the ACCA dismissed a finding of indecent liberties upon a minor, his sentence—which issued before that dismissal—was based upon an invalidated sentencing factor. He also argues that *Brown* ushered in a new standard of review for claims such as his, and that the ACCA's review of his sentence was therefore invalid.

We agree with the district court that *Brown* lends little support to Mr. Sherrill's argument. *Brown* concerned the specific jurisprudence surrounding capital sentencing, and absent guidance from the Supreme Court, we will not

expand its holding beyond that realm. Accordingly, Mr. Sherrill's claim is unchanged from the general objection to the ACCA's reassessment of his sentence that both the district court and this Court considered and rejected when reviewing his habeas petition. We held that "[i]f the military courts have fully and fairly reviewed Sherrill's claims, we cannot review them." *Sherrill*, 118 F.App'x. at 385 (citing *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003)). We found that the military courts had, in fact, "fully and fairly considered Sherrill's claims that he was denied due process in reassessing his sentence," and thus held we could not review the claim. *Id.* at 386. We stand by that ruling and thus must affirm the denial of Mr. Sherrill's Rule 60(b) motion.

## CONCLUSION

The judgment of the United States District Court for the District of Kansas is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge