Justice Scalia
delivered the opinion of the Court.
We consider the circumstances in which an invalidated sentencing factor will render a death sentence unconstitutional by reason of its adding an improper element to the aggravation scale in the jury’s weighing process.
I
Respondent Ronald Sanders and a companion invaded the home of Dale Boender, where they bound and blindfolded him and his girlfriend, Janice Allen. Both of the victims were then struck on the head with a heavy, blunt object; Allen died from the blow. Sanders was convicted of first-degree murder, of attempt to murder Boender, and of robbery, burglary, and attempted robbery.
Sanders’ jury found four “special circumstances” under California law, each of which independently rendered him eligible for the death penalty. See Cal. Penal Code Ann. § 190.2 (West Supp. 1995). The trial then moved to a penalty phase, at which the jury was instructed to consider a list of sentencing factors relating to Sanders’ background and the nature of the crime, one of .which was “[t]he circumstances of the crime of which the defendant was convicted in the present proceeding and the existence of any special circumstances found to be true.” § 190.3(a) (West 1999). The jury sentenced Sanders to death.
On direct appeal, the California Supreme Court declared invalid two of the four special circumstances found by the *215 jury. It nonetheless affirmed Sanders’ death sentence, relying on our decision in Zant v. Stephens, 462 U. S. 862 (1983), which, it said, “upheld a death penalty judgment despite invalidation of one of several aggravating factors.” People v. Sanders, 51 Cal. 3d 471, 520, 797 P. 2d 561, 589-590 (1990) (in bank). It affirmed the conviction and sentence in all other respects. We denied certiorari. Sanders v. California, 500 U. S. 948 (1991).
Sanders then filed a petition for a writ of habeas corpus pursuant to 28 U. S. C. §2254 in the United States District Court for the Eastern District of California, arguing, as relevant here, that the jury’s consideration of invalid special circumstances rendered his death sentence unconstitutional.[1] After Sanders exhausted various state remedies, the District Court denied relief.
The Court of Appeals for the Ninth Circuit reversed. Sanders v. Woodford, 373 F. 3d 1054 (2004). It concluded that “the California court erroneously believed that it could apply the rule of Zant v. Stephens, 462 U. S. 862 (1983)— which is applicable only to nonweighing states — and uphold the verdict despite the invalidation of two special circumstances because it was upholding other special circumstances.” Id., at 1064 (citations, omitted). Finding California to be a weighing State, and applying the rules we have announced for such States, see Stringer v. Black, 503 U. S. 222, 232 (1992), the Ninth Circuit concluded that California courts could uphold Sanders’ death sentence only by finding the jury’s use of the invalid special circumstances to have been harmless beyond a reasonable doubt or by independently reweighing the sentencing factors under § 190.3. Since, it continued, the state courts had done neither, Sanders had been unconstitutionally deprived of an “individual *216 ized death sentence.” 373 F. 3d, at 1064. We granted certiorari. 544 U. S. 947 (2005).
Since Furman v. Georgia, 408 U. S. 238 (1972) (per curiam), we have required States to limit the class of murderers to which the death penalty may be applied. This narrowing requirement is usually met when the trier of fact finds at least one statutorily defined eligibility factor at either the guilt or penalty phase. See Tuilaepa v. California, 512 U. S. 967, 971-972 (1994).[2] Once the narrowing requirement has been satisfied, the sentencer is called upon to determine whether a defendant thus found eligible for the death penalty should in fact receive it. Most States channel this function by specifying the aggravating factors (sometimes identical to the eligibility factors) that are to be weighed against mitigating considerations. The issue in the line of cases we confront here is what happens when the sen-tencer imposes the death penalty after at least one valid eligibility factor has been found, but under a scheme in which an eligibility factor or a specified aggravating factor is later held to be invalid.
To answer that question, our jurisprudence has distinguished between so-called weighing and non7weighing States. The terminology is somewhat misleading, since we have held that in all capital cases the sentencer must be allowed to weigh the facts and circumstances that arguably *217 justify a death sentence against the defendant’s mitigating evidence. See, e. g., Eddings v. Oklahoma, 455 U. S. 104, 110 (1982). The terminology was adopted, moreover, relatively early in the development of our death-penalty jurisprudence, when we were perhaps unaware of the great variety of forms that state capital-sentencing legislation would ultimately take. We identified as “weighing State[s]” those in which the only aggravating factors permitted to be considered by the sentencer were the specified eligibility factors. See, e. g., Parker v. Dugger, 498 U. S. 308, 313, 318-319 (1991) (citing Fla. Stat. § 921.141(3)(b) (1985)); Richmond v. Lewis, 506 U. S. 40, 47 (1992) (quoting Ariz. Rev. Stat. Ann. § 13-703(E) (1989)). Since the eligibility factors by definition identified distinct and particular aggravating features, if one of them was invalid the jury could not consider the facts and circumstances relevant to that factor as aggravating in some other capacity — for example, as relevant to an omnibus “circumstances of the crime” sentencing factor such as the one in the present case. In a weighing State, therefore, the sen-tencer’s consideration of an invalid eligibility factor necessarily skewed its balancing of aggravators with mitigators, Stringer, 503 U. S., at 232, and required reversal of the sentence (unless a state appellate court determined the error was harmless or reweighed the mitigating evidence against the valid aggravating factors), ibid.
By contrast, in a non-weighing State — a State that permitted the sentencer to consider aggravating factors different from, or in addition to, the eligibility factors — this automatic skewing would not necessarily occur. It would never occur if the aggravating factors were entirely different from the eligibility factors. Nor would it occur if the aggravating factors added to the eligibility factors a category (such as an omnibus “circumstances of the crime” factor, which is quite common) that would allow the very facts and circumstances relevant to the invalidated eligibility factor to be weighed *218 in aggravation under a different rubric. We therefore set forth different rules governing the consequences of an invalidated eligibility factor in a non-weighing State.[3] The sen- *219 tencer’s consideration of an invalid eligibility factor amounts to constitutional error in a non-weighing State in two situations. First, due process requires a defendant’s death sentence to be set aside if the reason for the invalidity of the eligibility factor is that it “authorizes a jury to draw adverse inferences from conduct that is constitutionally protected,” or that it “attache[s] the ‘aggravating’ label to factors that are constitutionally impermissible or totally irrelevant to the sentencing process, ... or to conduct that actually should militate in favor of a lesser penalty.” Zant, 462 U. S., at 885. Second, the death sentence must be set aside if the jury’s consideration of the invalidated eligibility factor allowed it to hear evidence that would not otherwise have been before it. See id., at 886; see also Tuggle v. Netherland, 516 U. S. 10, 13-14 (1995) (per curiam).[4]
This weighing/non-weighing scheme is accurate as far as it goes, but it now seems to us needlessly complex and incapable of providing for the full range of possible variations. For example, the same problem that gave rise to our weighing-State jurisprudence would arise if it were a sentencing factor, and not an eligibility factor, that was later found to be invalid. The weighing process would just as *220 clearly have been prima facie “skewed,” and skewed for the same basic reason: The sentencer might have given weight to a statutorily or constitutionally invalid aggravator.[5] And the prima facie skewing could in appropriate cases be shown to be illusory for the same reason that separates weighing States from non-weighing States: One of the other aggravating factors, usually an omnibus factor but conceivably another one, made it entirely proper for the jury to consider as aggravating the facts and circumstances underlying the invalidated factor.
We think it will clarify the analysis, and simplify the sentence-invalidating factors we have hitherto applied to non-weighing States, see supra, at 218-219, if we are henceforth guided by the following rule: An invalidated sentencing factor (whether an eligibility factor or not) will render the sentence unconstitutional by reason of its adding an improper element to the aggravation scale in the weighing process[6] unless one of the other sentencing factors enables the sentencer to give aggravating weight to the same facts and circumstances.
This test is not, as Justice Breyer describes it, “an inquiry based solely on the admissibility of the underlying evidence.” Post, at 241 (dissenting opinion). If the presence *221 of the invalid sentencing factor allowed the sentencer to consider evidence that would not otherwise have been before it, due process would mandate reversal without regard to the rule we apply here. See supra, at 219; see also n. 6, supra.[7] The issue we confront is the skewing that could result from the jury’s considering as aggravation properly admitted evidence that should not have weighed in favor of the death penalty. See, e. g., Stringer, 503 U. S., at 232 '(“[W]hen the sentencing body is told to weigh an invalid factor in its decision, a reviewing court may not assume it would have made no difference if the thumb had been removed from death’s side of the scale”). As we have explained, such skewing will occur, and give rise to constitutional error, only where the jury could not have given aggravating weight to the same facts and circumstances under the rubric of some other, , valid sentencing factor.
III
In California, a defendant convicted of first-degree murder is eligible for the death penalty if the jury finds one of the “special circumstances” listed in Cal. Penal Code Ann. § 190.2 (West Supp. 2005) to be true. These are the eligibility factors designed to satisfy Furman. See People v. Baciga- *222 lupo, 6 Cal. 4th 457, 467-468, 862 R 2d 808, 813 (1993) (in bank). If the jury finds the existence of one of the special circumstances, it is instructed to “take into account” a separate list of sentencing factors describing aspects of the defendant and the crime. Cal. Penal Code Ann. § 190.3 (West 1999). These sentencing factors include, as we have said, “[t]he circumstances of the crime of which the defendant was convicted in the present proceeding.”
The Court of Appeals held that California is a weighing State because “ ‘the sentencer [is] restricted to a “weighing” of aggravation against mitigation’ and ‘the sentencer [is] prevented from considering evidence in aggravation other than discrete, statutorily-defined factors.’” 373 F. 3d, at 1061 (quoting Williams v. Calderon, 52 F. 3d 1465, 1478 (CA9 1995); brackets , in original). The last statement is inaccurate. The “circumstances of the crime” factor can hardly be called “discrete.” It has the effect of rendering all the specified factors nonexclusive, thus causing California to be (in our prior terminology) a non-weighing State. Contrary to Sanders’ contention, and Justice Stevens’ views in dissent, the mere fact that the sentencing factors included “the existence of any special circumstances [eligibility factors] found to be true,” Cal. Penal Code Ann. § 190.3(a), did not make California a weighing State. That fact was redundant for purposes of our weighing jurisprudence because it in no way narrowed the universe of aggravating facts the jury was entitled to consider in determining a sentence.[8] But leaving *223 aside the weighing/non-weighing dichotomy and proceeding to the more direct analysis set forth earlier in this opinion: All of the aggravating facts and circumstances that the invalidated factor permitted the jury to consider were also open to their proper consideration under one of the other factors. The erroneous factor could not have “skewed” the sentence, and no constitutional violation occurred.
More specifically, Sanders’ jury found four special circumstances to be true: that “[t]he murder was committed while the defendant was engaged in... Robbery,” § 190.2(a)(17)(A) (West Supp. 2005); that it was “committed while the defendant was engaged in . . . Burglary in the first or second degree,” § 190.2(a)(17)(G); that “[t]he victim [Allen] was a witness to a crime who was intentionally killed for the purpose of preventing... her testimony in any criminal... proceeding,” § 190.2(a)(10); and that “[t]he murder was especially heinous, atrocious, or cruel,” § 190.2(a)(14). The California Supreme Court set aside the burglary-murder special circumstance under state merger law because the instructions permitted the jury to find a burglary (and thus the burglary-murder special circumstance) based on Sanders’ intent to commit assault, which is already an element of homicide, see People v. Wilson, 1 Cal. 3d 431, 439-440, 462 R 2d 22, 27-28 (1969) (in banc). 51 Cal. 3d, at 517, 797 R 2d, at 587. The court invalidated the “heinous, atrocious, or cruel” special circumstance because it had previously found that to be unconstitutionally vague. Id., at 520, 797 P. 2d, at 589 (citing People v. Superior Court, 31 Cal. 3d 797, 647 P. 2d 76 (1982) (in bank)).
As the California Supreme Court noted, however, “the jury properly considered two special circumstances [eligibility factors] (robbery-murder and witness-killing).” 51 Cal. *224 3d, at 520, 797 P. 2d, at 589-590. These are sufficient to satisfy Furman’s, narrowing requirement, and alone rendered Sanders eligible for the death penalty. Moreover, the jury’s consideration of the invalid eligibility factors in the weighing process did not produce constitutional error because all of the facts and circumstances admissible to establish the “heinous, atrocious, or cruel” and burglary-murder eligibility factors were also properly adduced as aggravating facts bearing upon the “circumstances of the crime” sentencing factor. They were properly considered whether or not they bore upon the invalidated eligibility factors. See 51 Cal. 3d, at 521, 797 P. 2d, at 590.
Sanders argues that the weighing process was skewed by the fact that the jury was asked to consider, as one of the sentencing factors, “the existence of any special circumstances [eligibility factors] found to be true.” Cal. Penal Code Ann. § 190.3(a) (West 1999). In Sanders’ view, that placed special emphasis upon those facts and circumstances relevant to the invalid eligibility factor. Virtually the same thing happened in Zant. There the Georgia jury was permitted to “ ‘conside[r] all evidence in extenuation, mitigation and aggravation of punishment,’” 462 U. S., at 871-872 (quoting Zant v. Stephens, 250 Ga. 97, 99-100, 297 S. E. 2d 1, 3-4 (1982)), but also instructed specifically that it could consider “ ‘any of [the] statutory aggravating circumstances which you find are supported by the evidence,’ ” 462 U. S., at 866. This instruction gave the facts underlying the eligibility factors special prominence. Yet, even though one of the three factors (that the defendant had a “substantial history of serious assaultive convictions,” id., at 867) was later invalidated, we upheld the sentence. We acknowledged that the erroneous instruction “might have caused the jury to give somewhat greater weight to respondent’s prior criminal record than it otherwise would have given,” id., at 888; indeed, we assumed such an effect, ibid. But the effect was “merely a consequence of the statutory label ‘aggravating circumstanc[e].’” *225 We agreed with the Georgia Supreme Court that any such impact was “ ‘inconsequential,’ ” id., at 889, and held that it “cannot fairly be regarded as a constitutional defect in the sentencing process,” ibid. The same is true here.
* * *
Because the jury’s consideration of the invalid “special circumstances” gave rise to no constitutional violation, the Court of Appeals erred in ordering habeas relief. The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

It is so ordered.

 Because Sanders filed his habeas petition before April 24,1996, we do not apply the substantive review standards required by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214. See Lindh v. Murphy, 521 U. S. 320, 327 (1997).

 Our cases have frequently employed the terms “aggravating circumstance” or “aggravating factor” to refer to those statutory factors which determine death eligibility in satisfaction of Furman’s narrowing requirement. See, e. g., Tuilaepa v. California, 512 U. S., at 972. This terminology becomes confusing when, as in this case, a State employs the term “aggravating circumstance” to refer to factors that play a different role, determining which defendants eligible for the death penalty will actually receive that penalty. See Cal. Penal Code Ann. § 190.3 (West 1999). To avoid confusion, this opinion will use the term “eligibility factor” to describe a factor that performs the constitutional narrowing function.

 Justice Breyer contends that harmless-error review applies in both weighing and non-weighing States. See post, at 235-239 (dissenting opinion). It would be strange indeed to discover at this late stage that our long-held distinction between the two sorts of States for purposes of reviewing invalid eligibility factors in fact made no difference. Cf., e. g., Stringer v. Black, 503 U. S. 222, 232 (1992) (weighing/non-weighing distinction is “of critical importance”). Not surprisingly, the Courts of Appeals have uniformly understood that different rules apply to weighing and non-weighing States, and that harmless-error review is necessary only in the former. See, e. g., Sanders v. Woodford, 373 F. 3d 1054, 1059-1060 (CA9 2004); Flamer v. Delaware, 68 F. 3d 736, 746-749 (CA3 1995); Williams v. Cain, 125 F. 3d 269, 281 (CA5 1997).
Our own cases, moreover, are flatly inconsistent with requiring harmless-error review in both types of States. As Justice Breyer notes, post, at 235, Zant v. Stephens, 462 U. S. 862 (1983), did endorse the Georgia Supreme Court’s holding that attaching the statutory label “aggravating” to the invalid eligibility factor had an “inconsequential impact on the jury’s decision regarding the death penalty,” id., at 889 (internal quotation marks omitted). But the core holding is what we said next: “More importantly, . . . any possible impact cannot fairly be regarded as a constitutional defect in the sentencing process.” Ibid, (emphasis added); see also post, at 237-239. Zant must therefore be read not as holding that any constitutional error was harmless, but as rejecting respondent’s claim of constitutional error.
Neither Clemons v. Mississippi, 494 U. S. 738 (1990), nor Stringer says anything to the contrary. Justice Breyer points out that Clemons’ harmless-error discussion focused on the emphasis given to, the invalid factor, rather than on the fact that Mississippi is a weighing State, but that is hardly relevant: Our discussion of how harmless-error analysis should be conducted (the issue in the passage from Clemons that Justice Breyer cites, 494 U. S., at 753-754) says nothing about when that analysis should be conducted (the issue addressed by the weighing/non-weighing distinction). On the latter question, Clemons maintains the distinction envisioned in Zant, see 462 U. S., at 890-891, between Georgia (a non-weighing State) and Mississippi (a weighing State), see Clemons, supra, at 745. Likewise, Stringer specifically distinguishes between non-weighing States, in which “the fact that [the jury] also finds an.invalid aggravating *219 factor does not infect the formal process of deciding whether death is an appropriate penalty,” 503 U. S., at 232, and weighing States, in which “constitutional harmless-error analysis or reweighing at the trial or appellate level” is required, ibid.

 The fact that a sentencer’s consideration of an invalid eligibility factor in a non-weighing State may nonetheless amount to constitutional error explains Tuggle’s characterization of Zant as holding “that a death sentence supported by multiple aggravating circumstances need not always be set aside if one aggravator is found to be invalid,” 516 U. S., at 11 (emphasis added); cf. post, at 239 (Breyer, J., dissenting), as well as our related comment in Clemons that, “[i]n a [non-weighing] State like Georgia, . . . the invalidation of one aggravating circumstance does not necessarily require an appellate court to vacate a death sentence and remand to a jury,” 494 U. S., at 744-745 (emphasis added); cf. post, at 241 (Breyer, J., dissenting).

 This very problem may have been present in Stringer v. Black, supra. There, although the Mississippi courts invalidated an aggravating circumstance — whether the murder was “especially heinous, atrocious, or cruel,” Miss. Code Ann. § 99 — 19—101(5)(h) (1993 Cum. Supp.) — that was not one of the specified eligibility factors, see §97-3-19(2) (1994), we nonetheless treated Mississippi as a weighing State. Since, however, Mississippi law provided that the jury could not impose a death sentence unless it found the existence of at least one statutory aggravating factor, see §99-19-101(3)(b) (1993 Cum. Supp.), it could be argued thatfthe additional aggravating factors were converted into de facto eligibility factors.

 There may be other distortions caused by the invalidated factor beyond the mere addition of an improper aggravating element. For example, what the jury was instructed to consider as an aggravating factor might have “actually ... militate[d] in favor of a lesser penalty,” Zant, supra, at 885. See supra, at 219.

 This explains the footnote in Clemons v. Mississippi, supra, at 754, n. 5, on which Justice Breyer relies, see post, at 240. That footnote addressed petitioner’s argument that the Mississippi Supreme Court had arbitrarily refused to order jury resentencing, even though it had done so in an earlier case, Johnson v. State, 511 So. 2d 1333 (1987), rev’d, 486 U. S. 578 (1988), on remand, 547 So. 2d 59 (1989) (en banc). We distinguished the two cases, noting that in Johnson, “the jury was permitted to consider inadmissible evidence in determining the defendant’s sentence,” 494 U. S., at 754-755, n. 5, whereas in Clemons, “there is no serious suggestion that the State’s reliance on the [invalid] factor led to the introduction of any evidence that was not otherwise admissible in either the guilt or sentencing phases of the proceeding,” id., at 755, n. 5. The crux of this distinction is that the sentencer’s consideration of improper evidence is an error distinct from the one at issue here and in Clemons, to wit, the jury’s weighing in favor of death a factor that should not have been part of its calculus.

 Justice Stevens argues that § 190.3(a) may have affected the jury’s deliberations in other ways, but we rejected each of these theories in Zant v. Stephens, 462 U. S. 862 (1983). The possibility that the jury would “counft] the nature of the crime twice,” post, at 226 (Stevens, J., dissenting), if it were instructed to consider both the facts of the crime and the eligibility circumstances was present in Zant. The jury there was told it could take into account all relevant circumstances, but also — much like the jury here — was instructed to consider “ ‘any of [the] statutory aggravating circumstances [1 e., eligibility factors] which you find are supported by the evidence.’” 462 U. S., at 866. Likewise, the jury in Zant might have *223 “give[n] greater weight,” post, at 226 (Stevens, J., dissenting), to the facts underlying the eligibility circumstances, but we explicitly held that any such effect “cannot fairly be regarded as a constitutional defect in the sentencing process,” 462 U. S., at 889. See infra, at 224-225.