# In the
# Indiana Supreme Court

LAMBERT, Michael Allen,      )      Supreme Court Case No.
          Petitioner,      )      18S00-0412-SD-503
                            )
          v.             )
                            )      Delaware Superior Court Case No.
STATE OF INDIANA,         )      18D01-9101-CF-02
          Respondent.      )

## PUBLISHED ORDER CONCERNING SECOND SUCCESSIVE PETITION FOR POST-CONVICTION RELIEF IN CAPITAL CASE

### Introduction

Petitioner Michael Allen Lambert was convicted of murder and sentenced to death for killing a law enforcement officer acting in the course of duty. Lambert again argues he is entitled to a new jury recommendation on whether he should be sentenced to death. We again deny his request, and by separate order set a date for execution of the sentence.

### Background

On December 29, 1990, having been arrested for public intoxication, Lambert was placed in the back seat of Muncie Police Officer Gregg Winters' squad car. Lambert had been subjected to a pat-down search by a different officer, but Lambert still possessed a gun stolen from his employer that had not been found during the search. While being driven to the police station by Officer Winters, Lambert, although in handcuffs, was able to retrieve the gun and shoot Officer Winters five times. Officer Winters died several days later. A Delaware County jury found Lambert guilty of intentional murder. *See* Ind. Code § 35-42-1-1. Lambert was eligible for the death penalty because Officer Winters had been acting in the course of duty. *See* I.C. § 35-50-2-9(b)(6). The jury unanimously recommended the death penalty; the Delaware Superior Court followed the jury's recommendation and sentenced Lambert to death in 1992.

The conviction and sentence were affirmed on direct appeal in Lambert v. State, 643 N.E.2d 349 (Ind. 1994). On rehearing, we agreed with Lambert that the jury should not have heard certain evidence about the impact Officer Winters' death had on his family and co-workers, but we exercised our authority to review and revise sentences, and reimposed the death sentence in Lambert v. State, 675 N.E.2d 1060, 1066 (Ind. 1996), *cert. denied*, 520 U.S. 1255 (1997).

In every proceeding since his direct appeal, Lambert has argued, unsuccessfully, that our decision to reimpose the death sentence was error. In his first collateral challenge, or "post-conviction proceeding," we affirmed the trial court's judgment denying relief in Lambert v. State, 743 N.E.2d 719 (Ind. 2001), *reh'g denied* (2001), *cert. denied*, 534 U.S. 1136 (2002). The United States District Court for the Southern District of Indiana found no constitutional violation and denied Lambert's petition for writ of habeas corpus in Lambert v. Davis, No. IP 01-864-C-

M/S, unpublished order (S.D. Ind. Dec. 4, 2002). The United States Court of Appeals for the Seventh Circuit affirmed in Lambert v. McBride, 365 F.3d 557 (7th Cir. 2004), *reh'g and reh'g en banc denied*, *cert. denied*, 543 U.S. 1027 (2004).

Having completed the review of the conviction and sentence to which he was entitled as a matter of right in 2004, Lambert tendered to us a successive post-conviction petition, this time arguing that he was entitled to a new jury recommendation based on certain developments in Indiana law. We determined he had not shown a reasonable possibility that he was entitled to relief in Lambert v. State, 825 N.E.2d 1261 (Ind. 2005). We set a date for execution of the death sentence, but Lambert filed a second habeas petition in federal court, and the execution was stayed so Lambert could appeal the dismissal of that petition. Ultimately, dismissal of the second habeas petition was affirmed in Lambert v. Davis, 449 F.3d 774 (7th Cir. 2006), *reh'g and reh'g en banc denied*, *cert. denied*, Lambert v. Buss, 127 S.Ct. 1814 (2007), *reh'g denied* (Apr. 30, 2007). When the United States Supreme Court declined for the fourth time to review his case, Lambert filed a second successive post-conviction petition, which is the matter before us now.[1] We have jurisdiction because the sentence is death. *See* Ind. Appellate Rule 4(A)(1)(a).

### Indiana's Successive Post-Conviction Procedure

As indicated, Lambert has already availed himself of our rule that permits a person convicted of a crime in an Indiana state court one collateral review of the conviction and sentence in a post-conviction proceeding. *See* Ind. Post-Conviction Rule 1. Because he has completed the review to which he is entitled as a matter of right, he needs our authorization to litigate another or "successive" post-conviction claim. We permit such a proceeding to go forward only "if the petitioner establishes a reasonable possibility that the petitioner is entitled to post-conviction relief." P-C.R. 1 § 12(b). In deciding whether Lambert has made the required showing, we consider the applicable law, the petition and materials from the petitioner's prior appeals and post-conviction proceedings, including the record, briefs and court decisions, and any other material we deem relevant. *See id.*

### Lambert's Claims

**1. In each of this Court's decisions addressing Lambert's death sentence, a majority of the members of the Court have voted to deny him the sentencing relief he requested.** Lambert's first claim is that it would be unconstitutional for him to be executed because in the course of the history of this litigation, "a majority of the current sitting members of the Court (three of five – Justices Sullivan, Boehm, and Rucker) have dissented as to the propriety of [his] death sentence." It is true that in a 1994 decision of this Court in Lambert's case, Justice Sullivan dissented as to the sentence, 643 N.E.2d 349; in a 1996 decision, Justice Boehm

---

[1] On March 19, 2007, Lambert filed a second "Tender of Successive Petition For Post-Conviction Relief (Capital Case)" and tendered a proposed "Petition For Post-Conviction Relief." On March 28, 2007, the State filed a "State's Verified Response in Opposition to Tender of Successive Petition for Post-Conviction Relief filed on March 19, 2007." Lambert was allowed to file "Reply in Support of Tender of Successive Petition for Post-Conviction Relief." Lambert also filed, on March 26, 2007, a "Motion to Stay the Execution," and the State filed a "State's Verified Response to Motion to Stay the Execution." The State filed a "Verified Motion to Set Execution Date," on April 4, 2007, and on April 6, 2007, Lambert filed a reply. As indicated above, an execution date is set by separate order.

dissented as to the sentence, 675 N.E.2d at 1060, 1066; and in a 2005 decision, Justices Boehm and Rucker indicated that they believed Lambert's death sentence should be vacated, 825 N.E.2d 1261. (In each decision in Lambert's case subsequent to 1994, Justice Sullivan has voted to deny Lambert the relief he requested.) In each of this Court's decisions addressing Lambert's death sentence, a majority of the members of the Court have voted to deny him the sentencing relief he requested. 643 N.E.2d 349; 675 N.E.2d 1060; 743 N.E.2d 719; 825 N.E.2d 1261. His sentence comports with all applicable constitutional and other law in that regard.

Lambert cites Parker v. Dugger, 498 U.S. 308 (1991), for the proposition that "when a majority of the sitting judges of a court find a death sentence to be constitutionally invalid yet the court allows the execution to proceed with a wrongly imposed death sentence, there has been no meaningful appellate review." (Pet. for Post-Conv. Relief, p. 5, ¶ 9(F).)

Parker involved a question of "meaningful appellate review" but it cannot be fairly cited for the balance of the proposition advanced. In Parker, the Florida Supreme Court struck two aggravating circumstances used by the trial court but then affirmed Parker's death sentence without considering the mitigating circumstances. The U.S. Supreme Court held that this affirmance was invalid because it deprived Parker of the individualized treatment to which he is entitled under the Constitution.

At every stage of this litigation before this Court, Lambert has received the individualized treatment to which he is entitled. To the extent Parker is implicated, it has been complied with.

**2. Lambert is not entitled to relief under the U.S. Supreme Court's 2006 decision in Brown v. Sanders.** Lambert contends that the decision of the U.S. Supreme Court last year in Brown v. Sanders, 546 U.S. 212 (2006), is applicable to his case and entitles him to relief from his death sentence. We hold that Sanders is not available to Lambert's case and that even if it were, he would not be entitled to relief.

A new rule of law is only available to an individual seeking collateral (as opposed to direct) review of a conviction or sentence if (1) the new rule is one which places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe, (2) the absence of the new rule does not seriously undermine the likelihood of an accurate death penalty determination under the distinctive Indiana statutory capital sentencing scheme. Daniels v. State, 561 N.E.2d 487 (Ind. 1990). The new rule in Sanders does neither and for that reason Sanders is not available to Lambert.

Even if available, Sanders is not applicable to Lambert's case. The Constitution "limits the class of murderers to which the death penalty may be applied. This narrowing requirement is usually met when the trier of fact finds at least one . . . eligibility factor" (as defined by state statute). Sanders, 546 U.S. at 216. Sanders goes on to dictate how a reviewing court is to proceed in a situation "when the sentencer imposes the death penalty after at least one valid eligibility factor has been found, but under a scheme in which an eligibility factor or a specified aggravating factor is later held to be invalid." Id. The opinion goes on to identify circumstances in which this situation will require reversal of a death sentence and circumstances in which it will not.

3

Lambert argues that the bottom line of <u>Sanders</u> is that his death sentence must be reversed because this Court has held that the jury in his case was improperly exposed to victim impact evidence. But as just discussed, <u>Sanders</u> deals with the problem of whether the Constitution's required narrowing function has been performed; the inadmissibility of victim impact evidence simply is not relevant to that concern. Said differently, <u>Sanders</u> is a case about invalid "eligibility factors" and invalid "aggravating factors"; improperly admitted victim impact evidence is neither. In point of fact, there has never been any claim of invalidity as to the aggravating circumstance that provides the basis for Lambert's death sentence – the victim of the murder was a law enforcement officer acting in the course of duty. <u>Sanders</u> is not applicable to Lambert's case.

**Conclusion**

Lambert has not met his burden of establishing a reasonable possibility that he is entitled to post-conviction relief. Accordingly, we decline to authorize the filing of a successive petition for post-conviction relief. Because Lambert has already received extensive judicial review of his death sentence any request for rehearing must be prompt. Rehearing should not be sought if Lambert merely intends to raise the same arguments we have already addressed.

The Clerk is directed to send a copy of this order to all counsel of record and to West Publishing for publication in the bound volumes of this Court's decisions.

Done at Indianapolis, Indiana, this 21st day of May, 2007.

/s/      Randall T. Shepard
Chief Justice of Indiana

Shepard, C.J., and Dickson and Sullivan, J., concur.
Boehm, J., concurs in result with separate opinion.
Rucker, J., dissents with separate opinion.

**Boehm, Justice, concurring in result.**

I respectfully but regretfully concur in the denial of Lambert's petition. This Court found that improper and prejudicial evidence had been introduced at Lambert's penalty phase but affirmed his death sentence as an exercise of its power under the Indiana Constitution to review and revise sentences. <u>Lambert v. State</u>, 675 N.E.2d 1066 (Ind. 1996). I dissented, contending that a new penalty phase was required. Post-conviction relief was denied, and this Court affirmed that ruling. I concurred, deferring to the *stare decisis* effect of our ruling on Lambert's direct appeal. <u>Lambert v. State</u>, 743 N.E.2d 719 (Ind. 2001).

At the time of Lambert's trial, the Indiana death penalty statute authorized the trial judge to impose a death sentence even if the jury recommended against it. In 2002, the General Assembly revised the law to prohibit imposition of death if the jury recommended against that sanction. In <u>Saylor v. State</u>, 808 N.E.2d 646 (Ind. 2004), we exercised our review and revise power to set aside a death sentence that had been imposed despite the jury's recommendation

4

against death. We held that under Appellate Rule 7(B) it was "inappropriate" to carry out a death sentence that was lawful under the law at the time of the trial but would not be permitted to stand under current law. Id. at 650. Lambert then sought permission to file a successive petition for post-conviction relief, contending that he was entitled to the same relief accorded to Saylor. That was denied. Lambert v. State, 825 N.E.2d 1261 (Ind. 2005). I again dissented on the ground that we had a flawed jury recommendation and therefore could not know what the result of a proper penalty phase would have been. Without an error-free penalty phase, the death sentence could not stand under the current Indiana statute, and a new penalty phase was required. Id. at 1264-65 (Boehm, J., dissenting). In this respect Lambert's case differed from Holmes v. State, 820 N.E.2d 136 (Ind. 2005), where we held that, unlike a jury recommendation against death, a hung jury at the penalty phase did not require appellate revision of a death sentence because the 2002 amendment permits a court to impose death if the jury cannot agree on the penalty.

Lambert now asserts that he should be permitted to file a successive petition for post-conviction relief to assert a federal constitutional claim under Brown v. Sanders, 546 U.S. 212 (2006), and a state law claim based on his effort to create a majority of this Court from a series of distinct opinions, all of which ruled against him. Principally because of the decision of this Court to review and reimpose Lambert's sentence, I agree that neither claim has a reasonable chance of success. For the same reason, that is equally true of any potential claim that subsequent developments have undermined confidence in Lambert's sentence.

Finally, Lambert argued to the Seventh Circuit that our refusal to review and revise his sentence violated the Federal Constitution by creating an arbitrary application of the death penalty. Lambert v. Davis, 449 F.3d 774 (7th Cir. 2006). Judge Ripple agreed with this contention, id. at 782 (Ripple, J., dissenting), but the majority found that Lambert's habeas petition was a "successive" petition barred by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. section 2244(b)(2). The majority also concluded that any disparity between Saylor's treatment and Lambert's presented only an issue of Indiana state law, id. at 778, and the Supreme Court of the United States denied certiorari. Lambert v. Buss, 127 S.Ct. 1814 (2007). The claim that this disparity violates the Federal Constitution is not presented here.

In sum, I regretfully conclude that this Court's 1996 exercise of its power to review and revise and its 2005 rejection of Lambert's claim based on Saylor, foreclosed all issues now presented to us. Although I disagreed with those decisions, they remain the decisions of this Court, and I therefore concur in the denial of permission to file a successive petition for post-conviction relief.


**Rucker, Justice, dissenting.**
Lambert seeks to challenge his sentence of death by requesting permission from this Court to file a second successive petition for post-conviction relief. I would have granted his request to file the first successive petition. *See* Lambert v. State, 825 N.E.2d 1261, 1265 (Ind. 2005) (Rucker, J., dissenting). Because I continue to believe that Lambert's sentence of death is constitutionally infirm under both State and Federal constitutions, I would grant the request in this case. Therefore I respectfully dissent.