BOEHM, Justice,
concurring in result.
I respectfully but regretfully concur in the denial of Lambert’s petition. This Court found that improper and prejudicial evidence had been introduced at Lambert’s penalty phase but affirmed his death sen *139 tence as an exercise of its power under the Indiana Constitution to review and revise sentences. Lambert v. State, 675 N.E.2d 1060 (Ind.1996). I dissented, contending that a new penalty phase was required. Post-conviction relief was denied, and this Court affirmed that ruling. I concurred, deferring to the stare decisis effect of our ruling on Lambert’s direct appeal. Lambert v. State, 743 N.E.2d 719 (Ind.2001).
At the time of Lambert’s trial, the Indiana death penalty statute authorized the trial judge to impose a death sentence even if the jury recommended against it. In 2002, the General Assembly revised the law to prohibit imposition of death if the jury recommended against that sanction. In Saylor v. State, 808 N.E.2d 646 (Ind.2004), we exercised our review and revise power to set aside a death sentence that had been imposed despite the jury’s recommendation against death. We held that under Appellate Rule 7(B) it was “inappropriate” to carry out a death sentence that was lawful under the law at the time of the trial but would not be permitted to stand under current law. Id. at 650. Lambert then sought permission to file a successive petition for post-conviction relief, contending that he was entitled to the same relief accorded to Saylor. That was denied. Lambert v. State, 825 N.E.2d 1261 (Ind.2005). I again dissented on the ground that we had a flawed jury recommendation and therefore could not know what the result of a proper penalty phase would have been. Without an error-free penalty phase, the death sentence could not stand under the current Indiana statute, and a new penalty phase was required. Id. at 1264-65 (Boehm, J., dissenting). In this respect Lambert’s case differed from Holmes v. State, 820 N.E.2d 136 (Ind.2005), where we held that, unlike a jury recommendation against death, a hung jury at the penalty phase did not require appellate revision of a death sentence because the 2002 amendment permits a court to impose death if the jury cannot agree on the penalty.
Lambert now asserts that he should be permitted to file a successive petition for post-conviction relief to assert a federal constitutional claim under Brown v. Sanders, 546 U.S. 212, 126 S.Ct. 884, 163 L.Ed.2d 723 (2006), and a state law claim based on his effort to create a majority of this Court from a series of distinct opinions, all of which ruled against him. Principally because of the decision of this Court to review and reimpose Lambert’s sentence, I agree that neither claim has a reasonable chance of success. For the same reason, that is equally true of any potential claim that subsequent developments have undermined confidence in Lambert’s sentence.
Finally, Lambert argued to the Seventh Circuit that our refusal to review and revise his sentence violated the Federal Constitution by creating an arbitrary application of the death penalty. Lambert v. Davis, 449 F.3d 774 (7th Cir.2006). Judge Ripple agreed with this contention, id. at 782 (Ripple, J., dissenting), but the majority found that Lambert’s habeas petition was a “successive” petition barred by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. section 2244(b)(2). The majority also concluded that any disparity between Saylor’s treatment and Lambert’s presented only an issue of Indiana state law, id. at 778, and the Supreme Court of the United States denied certiorari. Lambert v. Buss, — U.S. —, 127 S.Ct. 1814, 167 L.Ed.2d 325 (2007). The claim that this disparity violates the Federal Constitution is not presented here.
In sum, I regretfully conclude that this Court’s 1996 exercise of its power to review and revise and its 2005 rejection of Lambert’s claim based on Saylor, foreclos *140 ed all issues now presented to us. Although I disagreed with those decisions, they remain the decisions of this Court, and I therefore concur in the denial of permission to file a successive petition for post-conviction relief.