RANDOLPH, Presiding Justice,
concurring in part and dissenting in part:
¶87. I fully concur with Justice Lamar’s majority opinion as to Part I and respectfully dissent as to Part II.
¶38. Part II of today’s decision reaffirms the Court’s authority, upon the finding of an invalid aggravator, to conduct a harmless-error analysis and/or reweigh remaining aggravators and mitigators, yet reverses the ruling of the Gillett 1[47] Court by assuming the Gillett I Court applied an incorrect harmless-error standard. Today’s majority then “declines” to reweigh. A clear majority of the Gillett I Court (as then composed) already reweighed the ag-gravators and mitigators on direct appeal. This specific issue was raised in Gillett’s motion for rehearing and rejected by the Gillett I Court. Res jvdicata bars its consideration anew in a post-conviction proceeding. See Maj. Op. ¶ 10. The Supreme Court of this State should abide by its prior rulings when the very same issue, involving the very same parties, has been ruled upon. If we fail to do so, there shall never be finality of judgment. The issue has been acted upon and decided. The Gillett I final judgment was entered and is conclusive in all later proceedings on points and matters determined. A matter once judicially decided by the highest court is finally decided. Otherwise, the rule of law would be replaced by the rule of men and women, for as the composition of the Court changes, so shall its rulings.

Gillett I

¶ 39. On direct appeal, this Court (then-Presiding Justice Graves writing for the majority) reviewed Gillett’s “conviction[ ] for capital murder and sentence[ ] of death with heightened scrutiny[,]” in which “all doubts are to be resolved in favor of the accused because what may be harmless error in a case with less at stake becomes reversible error when the penalty is death.” Gillett I, 56 So.3d 469, 479-80 (Miss.2010). Gillett I held that the State had “failed to provide sufficient evidence to support the inclusion of a ‘previous violent felony”’ aggravator. Id. at 507 (quoting Miss.Code Ann. § 99-19-101 (5)(b) (Rev. 2007)). “Therefore, the trial court erred in instructing the jury ... to consider whether ‘the defendant was previously convicted of ... a felony involving the use or threat of violence to the person.’ ” Id. (quoting Miss.Code Ann. § 99 — 19—101(5)(b) (Rev. 2007)).
¶ 40. Subsequently, this Court scrupulously followed its precedent[48] and turned to Mississippi Code Section 99-19-105(3)(d), which provides:
(d) Should one or more of the aggravating circumstances be found invalid on appeal, the Mississippi Supreme Court shall determine whether the remaining aggravating circumstances are outweighed by the mitigating circumstances or whether the inclusion of any invalid circumstance was harmless error, or both.
Miss.Code Ann. § 99-19-105(3)(d) (Rev. 2007). After a thorough examination and recitation of the mitigating circumstances, a clear majority of the members of the Gillett I Court held that the mitigating *272 evidence did not outweigh the remaining three aggravators, and, therefore, the inclusion of the invalid aggravator was harmless error. Gillett I, 56 So.3d at 508.
¶ 41. Justice Chandler concurred in part and result with the majority and issued a separate opinion which found error in the admission of certain DNA expert-witness testimony. Justice Chandler reviewed the error for harmlessness under “[t]he Chapman test[.]” Id. at 528 (Chandler, J. concurring in part and result) (citing Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). He noted that, “[wjhile we may apply different standards for different questions — for example, a review of the admission of evidence — we always apply a heightened scrutiny! ]” to capital murder and sentence of death. Id. at 526 (Chandler, J. concurring in part and result) (quoting Brown v. State, 890 So.2d 901, 907 (Miss.2004)). After a thorough analysis, Justice Chandler concluded that, “[gjiven the overwhelming evidence produced at trial, the admission of the DNA testimony was harmless.” Id. at 529 (Chandler, J. concurring in part and result).
¶ 42. Justice Kitchens dissented in Gil-lett I. He dissents again today, arguing for reversal of the conviction and sentence. In part II of his dissent in Gillett I (joined by Justice Dickinson), Justice Kitchens dissented to the majority’s finding of harmlessness regarding the invalid aggra-vator, but did not assert that the majority utilized an erroneous harmless-error standard. Id. at 533 (Kitchens, J. dissenting). Instead, Justice Kitchens opined that “in the face of even a single invalid aggravating circumstance, this Court does not have the authority to determine that the penalty of death is appropriate.” Id. at 533 (Kitchens, J. dissenting).
¶ 43. Justice Lamar, author of today’s decision, concurred in part and dissented in part in Gillett I. She wrote a separate opinion joined by Justice Dickinson and joined in part by Justice Kitchens. Justice Lamar dissented to the majority’s finding that the inclusion of the invalid aggravator was harmless, but did not assert that the majority had failed to find the error “harmless beyond a reasonable doubt.” Id. at 534-35 (Lamar, J. concurring in part and dissenting in part). Her dissent argued that Brown v. Sanders “mandate[dj reversal” of Gillett’s sentence, which the majority in Gillett I rejected. Id. at 535 (Lamar, J. concurring in part and dissenting in part) (citing Brown v. Sanders, 546 U.S. 212, 126 S.Ct. 884, 163 L.Ed.2d 723 (2006)).
¶ 44. Following this Court’s decision in Gillett I, Gillett filed a twenty-five-page “Motion for Rehearing!.]” In that motion, Gillett squarely placed today’s issue before the Court. Gillett argued that reweighing by an appellate court was unconstitutional. Procedurally, the Gillett I Court, sua sponte, found that Gillett’s motion for rehearing required a response from the State and so ordered. The Gillett I Court granted Gillett leave to reply to the State’s response. It cannot be fairly said that Gillett did not receive the highest level of scrutiny by this Court. The motion for rehearing was denied by a vote of 5-3.[49]
[50]

Res Judicata

¶ 45. Gillett’s claim of error was raised in the direct-appeal proceedings and in his fully-briefed motion for rehearing and re *273 ply to the State’s response. He is now again before this Court on a petition for post-conviction relief, rearguing “that this Court’s reweighing violates his due-process rights under the United States and Mississippi Constitutions, citing Brown v. Sanders[.]” Maj. Op. ¶8. Post-conviction relief on the very same issue is precluded.
¶ 46. Today’s decision opines that the United States Supreme Court’s decision in Brown v. Sanders did not overrule its prior decision in Clemons, which permits appellate courts to cure the error of invalid aggravators “either by reweighing the aggravating and mitigating evidence or by performing a constitutional harmless-error analysis.” Maj. Op. ¶ 13 (citing Clemons v. Mississippi, 494 U.S. 738, 754, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990)). Despite clearly rejecting Gillett’s other claims on PCR and reaffirming this Court’s authority to follow Section 99 — 19—105(3)(d), the majority now offers that the Gillett I Court “did not find the error harmless beyond a reasonable doubt.”
¶ 47. Today’s decision rests upon a faux premise, i.e., that the entire Gillett I Court failed to apply the Chapman harmless-error standard because “beyond a reasonable doubt” was not stated in the Gillett I opinion. Are we to assume that every justice (majority and dissenters) either did not know or knew and failed to apply the correct standard, save for Justice Chandler, who specifically cited Chapman and the “harmless beyond a reasonable doubt” standard? Gillett I, 56 So.3d at 525-29 (Chandler, J., concurring in part and result).
¶48. The law has not changed. The issue and parties are the same. The only new component is the constituency of the present Court. I would uphold the Gillett I Court’s decision, which today’s majority holds was within both its constitutional and statutory authority to decide.[51] I would affirm Gillett’s convictions and sentences.
CHANDLER AND PIERCE, JJ„ JOIN THIS OPINION. WALLER, C.J., JOINS THIS OPINION IN PART.

. Gillett v. State (“Gillett I ”), 56 So.3d 469 (Miss.2010), cert. denied, - U.S. -, 132 S.Ct. 844, 181 L.Ed.2d 552 (2011).

. Howard v. State, 945 So.2d 326, 363 (Miss.2006); McGilberry v. State, 843 So.2d 21, 29 (Miss.2003); Davis v. State, 897 So.2d 960, 969 (Miss.2004).

. Justice Graves, the majority author on direct appeal, had been appointed to the United States Court of Appeals for the Fifth Circuit. Justice King, appointed to fill Justice Graves’s seat, did not participate in the rehearing.

. Gillett also was granted oral argument on this motion for post-conviction relief.

. See Maj. Op. ¶ 23 (“[W]e acknowledge that Mississippi Code Section 99 — 19—105(3)(d) gives us statutory authority to determine whether the remaining aggravators are outweighed by the mitigating circumstances. ...")