DAVIS, Senior Circuit Judge,
concurring in part and dissenting in part:
I agree with my friends in the majority that Ivan Teleguz has failed to support his gateway innocence claim with sufficient evidence as required under Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). I also agree that Teleguz preserved his ineffective assistance of counsel claim asserted under Martinez v. Ryan, — U.S.-, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). But I disagree, respectfully, with the conclusion that Teleguz has failed to satisfy Martinez. Because the district court prevented Teleguz from engaging in discovery on his Martinez claim, the record is too sparse to determine whether his state habeas counsel was ineffective. I would remand the case to the district court for further evidentiary development of Tel-eguz’s Martinez claim. Accordingly, I concur in part and dissent in part.
I.
In 200Í, Teleguz hired Edwin Gilkes and Michael Hetrick to kill Stephanie Sipe, Teleguz’s ex-girlfriend. In February 2006, a jury convicted Teleguz of murder for hire. Gilkes, Hetrick, and Aleksey Safa-nov, a third prosecution witness, each testified at trial that he was approached by Teleguz and offered money to kill Sipe. Hetrick testified that he committed the murder and received payment soon thereafter. In addition to offering corroborating testimony, Gilkes testified, during the guilt phase of the trial, that he once saw Teleguz and another man approach two men in a parking lot outside a recreation center in Ephrata, Pennsylvania. Gilkes testified that the man standing with Tele-guz told the other two men that someone “would be killed” if. certain debts went unpaid. J.A. 4421. Gilkes then testified that someone was in fact killed a few days later on Main Street in Ephrata. It has since been established that the Ephrata murder, as Gilkes described it, never occurred. Although prosecutors did not use the Ephrata murder testimony against Teleguz during the guilt phase, they used the testimony during the penalty phase of the trial to establish Teleguz’s future dangerousness, one of two potential aggravating factors that might justify a death sentence.
Following trial, Teleguz exhausted claims for state habeas relief before pursuing federal habeas relief in the United States District Court for the Western District of Virginia. In an amended petition *819 for writ of habeas corpus at the district court, Teleguz asserted, among other things, a Schlup gateway innocence claim. He also argued that his trial counsel was ineffective during the penalty phase because they failed to address the prosecution’s evidence of future dangerousness— namely, his involvement in the alleged Ephrata murder. The district court denied Teleguz’s amended petition. Teleguz v. Kelly, 824 F.Supp.2d 672, 723 (W.D.Va.2011). Relevant here, the district court determined that his ineffective assistance of trial counsel claim was procedurally barred because he had failed to raise it during the state habeas proceedings. Id. at 695. Teleguz appealed, and we remanded the proceedings for further analysis of his Schlup gateway innocence claim. Teleguz v. Pearson, 689 F.3d 322, 330 (4th Cir.2012).
On remand at the district court, and in an effort to resurrect his procedurally defaulted ineffective assistance of trial counsel claim, Teleguz raised a claim under Martinez that his state habeas counsel provided ineffective assistance because they, too, failed to investigate the alleged Ephrata murder. The district court concluded that, while our remand did not encompass the Ephrata murder claim, Tele-guz’s state habeas counsel “was not so deficient as to fall below the wide range of reasonable professional assistance,” and his ineffective assistance of trial claim was not substantial. Teleguz v. Davis, No. 7:10CV00254, 2014 WL 3548982, at *25 (W.D.Va. July 17, 2014). The district court denied both Teleguz’s Martinez claim and his request for additional discovery on the issue. Id. at *25-26.
II.
On appeal, Teleguz argues under Martinez that his state habeas counsel was ineffective in their failure to investigate and present evidence that the alleged Ephrata murder never occurred. The majority concludes that state habeas counsel was effective and that Teleguz cannot demonstrate prejudice as a result of any purported error on the part of state habe-as counsel. It is here where the majority and I disagree. While the majority concludes that Teleguz loses on a merits review of his Martinez claim, I conclude there is insufficient evidence in the record to make a choice either way. The contention here, at its core, is whether Teleguz should be afforded further discovery on his Martinez claim so that there can be a more substantial evidentiary basis to resolve the issue.
We review a district court’s decision not to grant discovery on a habeas claim for abuse of discretion. Stephens v. Branker, 570 F.3d 198, 207 (4th Cir.2009). “ ‘Rule 6(a) of the Rules Governing Section 2254 Cases requires a habeas petitioner to show good cause before he is afforded an opportunity for discovery.’ ” Id. (quoting Quesinberry v. Taylor, 162 F.3d 273, 279 (4th Cir.1998)). A- petitioner satisfies good cause “if the petitioner makes a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief.” Quesinberry, 162 F.3d at 279.
Before turning to whether Teleguz has demonstrated good cause, a description of the Martinez standard is appropriate. One avenue for a habeas court to review a procedurally defaulted claim exists where the petitioner can demonstrate both cause for the default and prejudice as a result of the default. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). In states like Virginia, where claims of ineffective assistance of trial counsel must be raised in initial post-conviction proceedings, see Lenz v. Commonwealth, 261 Va. 451, 544 S.E.2d *820 299, 804 (2001), Martinez permits a petitioner to establish cause if the petitioner either lacked state habeas counsel or, under the standard established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), state habeas counsel was ineffective, Martinez, 132 S.Ct. at 1318. A petitioner may establish prejudice if “the underlying ineffeetive-as-sistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.” Id. at 1318-19.
Strickland instructs that counsel’s performance is deficient if it (1) falls below an objective standard of reasonableness, and (2) the deficiencies prejudiced the defense such that “there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 688, 692, 694, 104 S.Ct. 2052. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 694, 104 S.Ct. 2052.
A.
The current record is insufficient to determine with confidence whether Teleguz’s state habeas counsel’s performance fell below an objective standard of reasonableness, and Teleguz has at least shown good cause for more discovery. The district court interpreted our remand order as limiting evidentiary development to the Schlup actual innocence claim. As a result, the district court precluded Teleguz from engaging in any additional discovery related to his Martinez claim. See Teleguz, 2014 WL 3548982, at *26.
At the start of the Schlup evidentiary hearing on remand, Teleguz’s federal ha-beas counsel told the district court that they intended to present evidence on the Martinez issue. The district court responded that it was “disinclined to allow the petitioner to expand the scope of the hearing,” but it would withhold final judgment on the issue until the presentation of Martinez evidence actually occurred. J.A. 2458. The district court allowed Teleguz to examine Jennifer Givens, one of his state habeas attorneys, in support of his Martinez claim. Givens was the only witness who offered testimony directly on the Martinez issue during the evidentiary hearing.
Givens readily admitted that neither she nor any member of her state habeas counsel team investigated the claim that Tele-guz had been involved in a murder in Ephrata. She provided no excuse for her error, noting that, “we clearly missed the issue” and that she would be “hard pressed to come up with a worse one than this because evidence that my client would have been involved in another alleged murder that was presented at the guilt and the penalty phase of a capital murder trial was unbelievably prejudicial.” J.A. 2952.
Givens’s revelation is significant in light of evidence that Teleguz’s connection with an earlier Pennsylvania murder may not be as strong as originally conveyed. A Pennsylvania State Police law enforcement officer testified during the evidentiary hearing that a victim was murdered a short distance from Ephrata in Elizabeth Township, Pennsylvania, and that the murder was connected to purported organized criminal activity at the Ephrata recreational center. But the officer also testified that several people, not just Teleguz, were connected to activity at the Ephrata recreational center. Although Teleguz first came to law enforcement’s attention during the Elizabeth Township murder investigation, the officer established that another individual was convicted for the murder. Teleguz was not present at the scene of the murder, and he was neither charged nor arrested in connection with the crime.
*821 While Strickland does not impose .upon counsel an obligation to “pursue an investigation that would be fruitless, much less one that might be harmful to the defense,” see Harrington v. Richter, 562 U.S. 86, 108, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), counsel must exercise “reasonable professional judgment” and “a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel’s judgments,” Strickland, 466 U.S. at 691, 104 S.Ct. 2052. A single error, if “sufficiently egregious and prejudicial” can support an ineffective assistance claim, but the error must be measured against counsel’s overall performance. Richter, 562 U.S. at 111, 131 S.Ct. 770. The record, as it currently stands, demonstrates only a single error on the part of state habeas counsel. Yet, in my view, given the testimony from Givens and the law enforcement officer, the error is significant enough to warrant further factual development.
B.
At this juncture, the record more clearly shows that Teleguz was prejudiced by the failure of counsel to investigate the alleged Ephrata murder. The district court assumed for the sake of argument that the performance of state habeas counsel was deficient, and concluded that, under prong two of Strickland, the deficiencies of counsel were not so prejudicial as to create a reasonable likelihood that the outcome of the case would have been different. The district court reasoned that any investigation by trial or state habeas counsel into the Ephrata murder claim would have concluded that Gilkes’s testimony was likely based upon a rumor that Teleguz was com-plieit in the Elizabeth Township murder. Teleguz, 2014 WL 3548982, at *25. The Warden adds that the sentencing outcome of the state trial could not have been different absent counsel’s error because the jury sentenced Teleguz to death on two independent aggravating factors — vileness and future dangerousness. Absent the introduction of false evidence relating to future dangerousness, the Warden argues, the vileness factor would still stand. The majority relies on such reasoning, in part. I believe this approach overlooks important countervailing interests in a sober assessment of prejudice under the circumstances presented here.
An error of a constitutional magnitude occurs where a jury considers “as aggravation properly admitted evidence that should not have weighed in favor of the death penalty” and “where the jury could not have given aggravating weight to the same facts and circumstances under the rubric of some other, valid sentencing factor.” Brown v. Sanders, 546 U.S. 212, 221, 126 S.Ct. 884, 163 L.Ed.2d 723 (2005) (emphasis omitted). Here, the evidence of the alleged Ephrata murder went only to future dangerousness, not vileness. Vileness requires the jury to find that the defendant’s “conduct in committing the offense for which he stands was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind or an aggravated battery to the victim.” Va. Code Ann. § 19.2-264.2 (West 2015). Thus, evidence of an alleged prior crime would not be relevant for vileness, the only other aggravating sentencing factor the jury considered during the penalty phase, yet the jury may have improperly considered evidence of that alleged prior crime in weighing the propriety of the death penalty-
Essential to this conclusion is the idea that two independent aggravating factors equal more than just multiple legs to stand on if one breaks. The stakes here are high and the jury was tasked with a nu *822 anced moral judgment; prejudice is inherent when an invalid aggravating factor is considered in combination with a valid one. However “vile” and therefore deserving of capital punishment the murder of Stephanie Sipe was under controlling Virginia law, the jury knew that the actual killer got a pass from the Commonwealth. Trial counsel’s introduction of evidence of a murder in Ephrata, the circumstances of which are now known to be less straightforward than was suggested at trial, could very well have “skew[ed]” Teleguz’s sentence toward the ultimate one. Brown, 546 U.S. at 221, 126 S.Ct. 884. For the prosecution, who portrayed Teleguz as a man who “solves problems” with murder, J.A. 5209, the implication was not just that Teleguz had previously been involved in taking a life, but also that he associated with unsavory characters who also take lives. The Ephrata murder reference during the penalty phase most certainly had its desired effect.
Furthermore, trial counsel’s error was significant. Teleguz’s own counsel was the first to alert the jury that Teleguz may have been involved in a prior murder, even though the district court barred the prosecution from referencing the alleged murder during the guilt phase. The door thus opened, the prosecution then seized on the evidence during the penalty phase.
HI.
Given the “ ‘heightened need for fairness in the administration of death,’ ” Teleguz should be provided an opportunity to develop fully the claims upon which he may be afforded habeas relief. Teleguz, 689 F.3d at 331 (quoting Callins v. Collins, 510 U.S. 1141, 1149, 114 S.Ct. 1127, 127 L.Ed.2d 435 (1994)). I would find the district court’s decision to preclude eviden-tiary development of Teleguz’s Martinez claim an abuse of discretion, and I would remand for further proceedings.