FILED
United States Court of Appeals
Tenth Circuit

October 2, 2018

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

JAMES DWIGHT PAVATT,

     Petitioner - Appellant,

v.

MIKE CARPENTER, Interim Warden,
Oklahoma State Penitentiary,*

     Respondent - Appellee.

No. 14-6117
(D.C. No. 5:08-CV-00470-R)
(W.D. Okla.)

_____

**ORDER**

_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, **LUCERO**, **HARTZ**, **HOLMES**, **MATHESON**, **BACHARACH**, **PHILLIPS**, **McHUGH**, **MORITZ**, **EID** and **CARSON**, Circuit Judges.**

_____

This matter is before the court on the appellee's *Petition for Panel Rehearing or Rehearing En Banc* and the *Supplemental Petition for Rehearing En Banc* filed on July 25, 2018. We also have responses to both petitions from the appellant.

---

    * Pursuant to Fed. R. App. P. 43(c)(2), Terry Royal, is replaced by Mike Carpenter as Interim Warden of the Oklahoma State Penitentiary.

    ** The Honorable Joel M. Carson took office on May 18, 2018 and did not participate in the original poll. He will, however, participate in the remaining en banc proceedings. The Honorable Paul J. Kelly elected senior status on January 1, 2018 and did not participate in the en banc poll. As a member of the original hearing panel, however, Judge Kelly has elected to sit on the en banc panel. *See* 10th Cir. R. 35.5.

Upon consideration, and as the parties were advised previously, a poll was called and the poll carried. Consequently, the request for en banc rehearing is GRANTED. *See* Fed. R. App. P. 35(a); *see also* 10th Cir. R. 35.6 (noting the effect of the grant of en banc rehearing is to vacate the judgment and to restore the case on the docket).

This court has en banced the entire case, but we request the parties to specifically address the following questions in supplemental memorandum briefs:

1) Is Pavatt entitled to federal habeas relief on the basis of his sufficiency-of-the-evidence challenge under Jackson v. Virginia, 443 U.S. 307 (1979), to the heinous, atrocious, or cruel (HAC) aggravator that was found by the jury in his case?

   a) Was the sufficiency-of-the-evidence claim presented to and addressed by the OCCA?
   b) Was the OCCA's resolution of the sufficiency-of-the-evidence claim contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States?

2) Is Pavatt entitled to federal habeas relief on the grounds that (a) the HAC aggravator is unconstitutionally vague or broad, in violation of the Eighth and Fourteenth Amendments, or (b) that the OCCA did not in his case apply the narrowing construction of the HAC aggravator that was previously approved by this court?

   a) Were either of these claims presented to and addressed by the OCCA? In other words, did Pavatt exhaust these claims in the Oklahoma state courts?
   b) If not, are the claims now unexhausted or procedurally barred?
   c) If the claims are unexhausted, has respondent, through counsel, expressly waived the exhaustion requirement for purposes of 28 U.S.C. § 2254(b)(3)?
   d) Should this court sua sponte raise the exhaustion issue?
   e) If the claims are procedurally barred, has respondent expressly waived that as a defense?
   f) Were these claims presented to and resolved by the district court and, if so, was a COA granted on these claims?
   g) Were these claims included in this court's case management order as issues to be raised by Pavatt?
   h) If the claims can be reviewed on the merits by this court, has the OCCA construed the HAC aggravator in a manner consistent with the Eighth Amendment, and/or did the OCCA fail to apply in Pavatt's case the narrowing

2

construction of the HAC aggravator that was previously approved by this court?

i) Was the OCCA, in light of <u>Bell v. Cone</u>, 543 U.S. 447 (2005), required to analyze, discuss, or even mention, controlling Supreme Court precedent regarding the constitutional requirements limiting death-penalty aggravators or the OCCA's own established construction of the HAC aggravator in rejecting Pavatt's challenge to the jury's finding of the HAC aggravator in his case?

j) Did the OCCA, in rejecting Pavatt's challenge to the jury's finding of the HAC aggravator in his case, effectively expand the meaning of "conscious physical suffering" to encompass the brief period of conscious suffering necessarily present in virtually all murders?

k) Even if the HAC aggravator was improperly applied in this case, was there nevertheless no "constitutional error" in Pavatt's sentence, <u>Brown v. Sanders,</u> 546 U.S. 212, 221 (2006), because the jury properly found another aggravator and no evidence was admitted at the penalty phase that was relevant solely to the HAC aggravator?

3) If we reject Pavatt's challenges to the HAC aggravator, is he entitled to federal habeas relief on his ineffective-assistance claims relating to the penalty phase of his trial? And, in this regard, do <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012) and <u>Trevino v. Thaler</u>, 569 U.S. 413 (2013), apply in the special circumstances of this case?

The appellee's supplemental brief shall be filed on or before November 16, 2018 and shall be limited to 40 pages in length in a 13 or 14 point font. In addition, within 2 business days of the electronic filing 16 hard copies must be received in the Office of the Clerk. On or before January 2, 2019, the appellant shall file a memorandum response brief subject to the same limitations. Like the appellee's brief, 16 hard copies must be received in the clerk's office within 2 business days.

Within 21 days of service of the memorandum response brief the appellee may file a reply. The reply shall be limited to 15 pages in length. Like the primary supplemental briefs, 16 hard copies of the reply shall be received in the Clerk's Office within 2 business days of the electronic filing.

The appeal will be set for an en banc hearing on the next available oral argument calendar once briefing is complete. The parties will be advised of the exact date and time for the argument and will receive additional information regarding the hearing via separate communication.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk