Filed 9/30/20  P. v. Perez CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BENJAMIN PEREZ,<br><br>    Defendant and Appellant. | G057967<br><br>(Super. Ct. No. 95NF2262)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Patrick Donahue, Judge.  Reversed and remanded.

Gene D. Vorobyov, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Thomas S. Patterson, Assistant Attorney General, Tamar Pachter and Nelson R. Richards, Deputy Attorneys General, as Amicus Curiae on behalf of Defendant and Appellant.

Todd Spitzer, District Attorney, and Seton B. Hunt, Deputy District Attorney, for Plaintiff and Respondent.

Appellant Benjamin Perez challenges an order denying his petition for relief under Senate Bill No. 1437 (SB 1437), which restricts the scope of vicarious liability for the crime of murder. The trial court ruled this restriction unlawfully amended Proposition 7 and Proposition 115 in violation of the California Constitution. However, consistent with a growing number of published decisions that have considered the issue, we find SB 1437 to be a constitutional legislative enactment. We therefore reverse the trial court's ruling to the contrary and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

In 1995, appellant and Noel Vargas robbed a 7-Eleven store in Orange County. During the robbery, appellant directed Vargas to shoot the clerk to facilitate the crime, and Vargas complied. The clerk died of his gunshot wounds, and appellant was ultimately convicted of first degree murder for his role in the shooting. The trial court sentenced him to 25 years to life in prison for that offense.

In 2019, appellant petitioned for relief pursuant to SB 1437. He sought to have his murder conviction vacated and to be resentenced on the basis he did not actually kill the victim or possess the requisite mental state to be guilty of murder as redefined by SB 1437.

The district attorney opposed the petition on two grounds. He argued first that even though SB 1437 narrowed the class of offenders who can be convicted of murder as an accomplice, appellant's conviction was proper because he was a major participant in the robbery, and he aided and abetted the shooting with the intent to kill. The district attorney also argued SB 1437 violates the California Constitution by amending Proposition 7 and Proposition 115 without voter approval. The trial court denied appellant's petition on the second basis, without considering the first. It did not believe SB 1437 was constitutional, due to the changes it made to the law of murder in this state.

DISCUSSION

Appellant contends the trial court erred in finding SB 1437 unconstitutional, and the Attorney General, acting in his role as the chief law officer of California, agrees. So do we. Although the district attorney assails SB 1437 as an unlawful encroachment on the People's initiative powers, as manifested in Propositions 7 and 115, we believe the law passes constitutional muster for the reasons explained in six recent decisions from this appellate district: *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, review denied Feb. 19, 2020 (*Gooden*) and *People v. Lamoureux* (2019) 42 Cal.App.5th 241, review denied Feb. 19, 2020 (*Lamoureux*), from division one; *People v. Johns* (2020) 50 Cal.App.5th 46, from division two; and *People v. Prado* (2020) 49 Cal.App.5th 480 (*Prado*), *People v. Solis* (2020) 46 Cal.App.5th 762 (*Solis*) and *People v. Cruz* (2020) 46 Cal.App.5th 740 (*Cruz*) from our division.[1]

SB 1437 limits the scope of vicarious liability for the crime of murder by changing the mens rea requirement for that offense. Prior to its enactment, any person involved in the commission of a felony that resulted in death was liable for murder under the felony murder rule, regardless of their specific intent or conduct. (See *Gooden, supra*, 42 Cal.App.5th at pp. 275-276.) However, SB 1437 amended the felony murder statute such that the felony murder rule only applies if the defendant 1) was the actual killer, 2) harbored the intent to kill and assisted the actual killer in committing first degree murder, or 3) was a major participant in the underlying felony and acted with reckless indifference to human life. (*Id*. at p. 276; Pen. Code, § 189, subd. (e).)[2]

---

[1] These decisions have been echoed in other appellate districts. (See, e.g., *People v. Lopez* (June 29, 2020, B300787) __ Cal.App.5th __ [2nd DCA, Div. 2]; *People v. Alaybue* (June 25, 2020, H047221) __ Cal.App.5th __ [6th DCA]; *People v. Smith* (2020) 49 Cal.App.5th 85 [2nd DCA, Div. 5]; *People v. Bucio* (2020) 48 Cal.App.5th 300 [2nd DCA, Div. 6].)

We grant the district attorney's unopposed request for judicial notice of documents related to the passage of SB 1437, Proposition 7 and Proposition 115, as well as former provisions of various murder statutes.

[2] These limitations do not apply if the victim was a police officer. (Pen. Code, § 189, subd. (f). All further statutory references are to the Penal Code.

3

SB 1437 also eliminated the natural and probable consequences doctrine for murder, by requiring proof of actual malice. Although the natural and probable consequences doctrine generally ascribes the perpetrator's mental state to all of his or her accomplices, SB 1437 states, "Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

SB 1437 made these changes to the felony murder rule and the natural and probable consequences doctrine retroactive by allowing a defendant who was convicted of murder before its passage to petition for vacatur and resentencing if his conduct did not meet these newly-established criteria. (§ 1170.95.)

The question we must decide is whether SB 1437 impermissibly amended Proposition 7 and Proposition 115 in violation of our state Constitution, which generally prohibits the Legislature from undoing what the People have accomplished through the initiative process without voter consent. (*People v. Kelly* (2010) 47 Cal.4th 1008, 1025.) That prohibition is contained in article II, section 10 of the California Constitution. Intended as a bulwark against legislative overreach, it provides: "The Legislature may amend or repeal an initiative statute by another statute that becomes effective only when approved by the electors unless the initiative statute permits amendment or repeal without the electors' approval." (Cal. Const., art. II, § 10, subd. (c).)

Per its terms, this prohibition applies only when the Legislature amends or repeals an "initiative statute." As explained above, SB 1437 narrowed the scope of the felony murder rule and the natural probable consequences doctrine for murder by amending sections 189 and 188, respectively. However, those sections are legislative statutes, not initiative statutes. (*Prado, supra*, 48 Cal.App.5th 480.) Therefore, they are not protected by article II, section 10 of the state Constitution, and SB 1437 did not run afoul of that provision by amending them. (*Ibid.*)

Assuming that provision applies not just to initiative *statutes*, but more broadly to initiative *measures*, it still would not render SB 1437 unconstitutional because

SB 1437 did not "amend" Proposition 7 or Proposition 115 within the meaning of article II, section 10. For purposes of that section, an amendment occurs when the Legislature adds or takes away from some particular provision of an initiative. (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.) "But this does not mean that any legislation that concerns the same subject matter as an initiative, or even augments an initiative's provisions, is necessarily an amendment for these purposes. 'The Legislature remains free to address a "'related but distinct area'" [citations] or a matter that an initiative measure "does not specifically authorize *or* prohibit.'" [Citations.]" (*Ibid.*)

Proposition 7 was approved by the voters in 1978 and does not permit legislative amendment without voter approval. (*Gooden, supra*, 42 Cal.App.5th at p. 278.) The initiative changed the law in two primary respects. First, it increased the punishment for the crime of murder in both the first and the second degree. And, it strengthened the death penalty by expanding the special circumstances under which a person convicted of first degree murder may be put to death. (*Ibid.*)

With respect to the second change, the district attorney argues SB 1437 weakens the deterrent effect of the death penalty by requiring a greater mental state for first degree felony murder than Proposition 7 established for special circumstances felony murder. Actually, however, SB 1437 "uses the same criteria in determining that an individual may not be prosecuted for felony murder as [Proposition 7] uses in determining whether a person convicted of felony murder may be subject to the penalty of death. (Compare § 189, subd. (e) with § 190.2, subds. (c), (d).) In other words, individuals spared prosecution for felony murder and murder based on the natural and probable consequences doctrine under [SB] 1437 would not have been subject to the death penalty under Proposition 7. [SB] 1437 has no effect on the imposition of the death penalty[.]" (*Solis, supra*, 46 Cal.App.5th at p. 779.) Therefore, it "does not affect [Proposition 7's] goal of increasing the use of the death penalty as a deterrent to violent crime." (*Ibid.*)

5

The district attorney also argues SB 1437 frustrates the voters' intent to ensure persons convicted of noncapital murder receive adequate punishment, i.e., the heightened punishment the voters affixed to the crimes of first and second degree murder in passing Proposition 7. The district attorney admits SB 1437 does not specifically address the issue of punishment and that the penalties for murder are the same now as they were before SB 1437 was enacted. However, he insists that by changing the elements of murder, SB 1437 effectively amended the punishment the voters prescribed for that offense. We cannot agree.

The elements of a crime and its punishment are related concepts, but they are not synonymous. Whereas the elements describe the type of conduct that is prohibited, the punishment represents the consequences that flow from that behavior. In enacting Proposition 7, the electorate was simply saying that *if* a person is convicted of murder, this is what his punishment should be. They did not address the preliminary issue of what the elements of murder should be or which participants in a crime could be convicted of that offense. Thus, there was nothing preventing the Legislature from addressing those topics in SB 1437. (*Gooden, supra*, 42 Cal.App.5th at p. 282 [by addressing the elements of murder, as opposed to the punishment for that offense, SB 1437 "presents a classic example of legislation that addresses a subject related to, but distinct from, an area addressed by an initiative."]; accord, *Cruz, supra*, 46 Cal.App.5th at pp. 754-757 and *Solis, supra*, 46 Cal.App.5th at p. 779.)

In arguing otherwise, the district attorney relies on the fact Proposition 7 specifically refers to the crime of murder. In fact, it refers to both "'murder in the first-degree' and 'murder in the second-degree[.]'" (*Gooden, supra*, 42 Cal.App.5th at p. 282.) The district attorney asserts these references demonstrate the electorate intended to incorporate the judicially-established definition of those crimes as they existed at the time Proposition 7 was enacted in 1978. If that were true, SB 1437 would amount to an impermissible amendment of Proposition 7 because it changed the definition of murder as

6

far as the felony murder rule and the natural and probable consequences doctrine are concerned. But that is simply not the case.

The flaw in the district attorney's argument is that while Proposition 7 refers to first and second degree murder, it does so in a general fashion without identifying any specific statutory provisions related to those crimes or including any time-specific references, either of which would have been easy to do. Absent such indicia, it would be unreasonable to presume the voters who passed Proposition 7 intended to "freeze the definition of murder in place as it existed in 1978." (*Gooden, supra*, 42 Cal.App.5th at p. 283.) Indeed, "[n]either the plain language of Proposition 7 nor its ballot materials included any restriction on the Legislature's ability to define murder, malice, or the felony-murder rule." (*Cruz, supra*, 46 Cal.App.5th at p. 758.) Thus, it cannot be said that SB 1437 amended Proposition 7 by altering the definition of those terms.

We now turn to the district attorney's claim that SB 1437 unlawfully amended Proposition 115. As relevant here, that measure added five felony offenses (kidnapping, train wrecking and certain sex offenses) to the list of predicate felonies that can be used to support a conviction for first degree felony murder. (*Gooden, supra*, 42 Cal.App.5th at p. 244.) Proposition 115 also expanded the scope of liability under the felony murder special circumstance to include aiders and abettors who are major participants in the underlying felony and act with reckless indifference to human life, which is the same standard SB 1437 incorporated into its definition of first degree felony murder. (*Cruz, supra*, 46 Cal.App.5th at p. 759.)

As part of Proposition 115, the voters further declared, "The statutory provisions contained in this measure may not be amended by the Legislature except by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring, or by a statute that becomes effective only when approved by the electors." (Prop. 115, § 30.) SB 1437 did not receive a two-thirds vote in both

7

houses of the Legislature, nor was it submitted to the electorate for approval. (*Cruz,* *supra*, 46 Cal.App.5th at p. 750.) It is therefore subject to the prohibition against legislative amendments set forth in article II, section 10 of our state Constitution.

The district attorney argues SB 1437 amended Proposition 115 by restricting the mens rea requirement for felony murder. But "[t]he only change made to section 189 (the felony murder statute) by Proposition 115 was the addition of five serious felonies to the list of predicate felonies for first degree felony-murder liability. That is all the electorate voted on in this regard. The voters were not asked to consider the circumstances under which an aider and abettor should be liable for first degree felony murder. While the Legislature cannot remove Proposition 115's five felonies from the list for first degree felony-murder liability, it can limit liability for accomplices under the felony-murder rule." (*Cruz, supra*, 46 Cal.App.5th at p. 760.)

Just as SB 1437 had no effect on the list of felonies included in the felony murder rule under Proposition 115, it had no effect on the other aspect of Proposition 115 at issue here, i.e., the mens rea requirement for special circumstances felony murder. The district attorney would have us believe that because Proposition 115 addressed accomplice liability in the context of capital murder, the Legislature was not at liberty to address accomplice liability in the context of first degree felony murder, as it did by enacting SB 1437. But as we explained in *Cruz*, "Accomplice liability for first degree murder in section 189 is an area of law related to but distinct from accomplice liability in special circumstance murder in section 190.2. As Proposition 115 did not specifically authorize or prohibit restrictions on the application of the first degree felony-murder rule to accomplices, [SB] 1437 did not improperly amend Proposition 115 by adding such restrictions to felony murder in section 189." (*Cruz, supra*, 46 Cal.App.5th at p. 760.)

In *Cruz*, we also rejected another argument the district attorney puts forth here, namely, "that language in Proposition 115 prohibiting amendment to its '"*statutory provisions*"' has greater significance than the commonly used language that amendment

8

of an initiative's "'provisions'" is prohibited. He asserts the "'statutory provisions'" language in Proposition 115 indicates the 'voters wanted to prevent the Legislature from amending any of *the specific statutes* included in the initiative, without regard to how much of the language of the statute was changed and regardless of the general rule' 'that mere restatement of existing language in a statute as required by the [California] Constitution [citation] does not prevent legislative amendment . . . .' We do not import such meaning into the fact Proposition 115 states its 'statutory provisions' rather than its 'provisions' shall not be amended absent certain circumstances. To us, it appears to be a distinction without a difference." (*Cruz, supra*, 46 Cal.App.5th at pp. 760-761.)

Lastly, the district attorney argues SB 1437 violates the rights of criminal defendants because it imposes felony murder liability when a major participant in the underlying felony acts with reckless indifference to human life, which is the same standard Proposition 115 adopted for imposing capital punishment under the felony murder special circumstance. Given this overlapping standard, the district attorney contends California no longer sufficiently narrows the class of murderers eligible for the death penalty, as required by the Eighth Amendment. (See generally *Brown v. Sanders* (2006) 546 U.S. 212, 216 [the Eighth Amendment's narrowing requirement mandates that states limit the class of murderers to which the death penalty may be applied by establishing criteria that reasonably justifies the imposition of that penalty against some murderers as opposed to others].)

The claim fails for several reasons. First, the district attorney lacks standing to challenge SB 1437 based on an alleged violation of the rights of criminal defendants. (*Lamoureux, supra*, 42 Cal.App.5th 241, 275.) Second, even if the district attorney had standing, his challenge would be misplaced in this case because appellant was not sentenced to death. (*Gonzalez v. Prunty* (C.D. Cal. 1997) 959 F.Supp. 1264, 1273.) Third, our Supreme Court has consistently upheld the felony murder special circumstance against the claim that if fails to adequately narrow the class of death-

9

eligible murderers (*People v. Covarrubias* (2016) 1 Cal.5th 838, 934), and we are bound by this authority (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455).

We reject the district attorney's claim SB 1437 amends Proposition 115 within the meaning of article II, section 10 of the California Constitution.  As our colleagues in the first district rightly observed, the voters who approved that initiative, and the voters who approved Proposition 7, "got, and still have, precisely what they enacted – stronger sentences for persons convicted of murder and first degree felony-murder liability for deaths occurring during the commission or attempted commission of specified felony offenses.  By enacting [SB] 1437, the Legislature has neither undermined these initiatives nor impinged upon the will of the voters who passed them." (*Gooden, supra*, 42 Cal.App.5th at p. 289.)

## DISPOSITION

The trial court's order denying appellant's petition for relief under SB 1437 is reversed, and the matter is remanded for the court to address the merits of the petition.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.

10